**BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE AT&T DATA BREACH LITIGATION** | **MDL DOCKET NO.** |

**PLAINTIFF ALEC PETROSKI'S MEMORANDUM IN SUPPORT OF
MOTION FOR TRANSFER AND CENTRALIZATION OF
RELATED ACTIONS TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO
<u>28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Plaintiff Alex Petroski ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Memorandum in Support of Transfer and Centralization to the Northern District of Texas pursuant to 28 U.S.C. §1407. Plaintiff respectfully moves that all Related Actions be transferred to a common jurisdiction, and that the common jurisdiction be the Northern District of Texas.

As detailed below, compelling logistical and common-sense reasons justify transfer to the Northern District of Texas. First, AT&T, Inc., the common Defendant in every action, has its principal place of business and headquarters in Texas and does significant business in Texas. Further, a substantial portion of the events giving rise to Plaintiff's claims arise in Texas. Thus, key witnesses and documents are likely to be found there. In addition, the vast majority of cases filed to date have been filed in the Northern District of Texas. Only one case has been filed in another jurisdiction, the Western District of Oklahoma. The Northern District of Texas also has suitable docket conditions and is a major air hub and international business and travel destination, so getting to and from Dallas, Texas, when needed, is easily accomplished.

## I. INTRODUCTION AND BACKGROUND

There are currently twelve actions pending in two federal judicial district courts (hereinafter, the "Related Actions") against AT&T, Inc. ("AT&T" or "Defendant"). All the Related Actions assert similar claims arising from a common nucleus of operative facts: Defendant failed to prevent a cyberattack that resulted in the theft and dissemination of at least 73 million individuals' sensitive and personal information (the "Data Breach") which has now appeared on the "dark web."

AT&T is one of the largest wireless carriers and internet providers in the world. In late March 2024, the details of 73 million AT&T customers (including 65.4 million former customers)

were leaked online. According to AT&T, the leaked data included full names, email addresses, mailing addresses, phone numbers, dates of birth, social security numbers, AT&T account number and passcodes. Movant here filed the first lawsuit against AT&T related to the Data Breach on March 30, 2024. Other cases soon followed, and more are expected.

II. **ARGUMENT**

    A. **Transfer of the Related Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407 Because There Are Common Questions of Fact.**

Under 28 U.S.C. § 1407(a), the JPML should transfer federal civil actions for pretrial coordination or consolidation where: (1) the cases involve "common questions of fact" and (2) the transfer is convenient for the case parties and witnesses, and "promote[s] the just and efficient conduct of the cases." 28 U.S.C. § 1407(a). The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." *See In re Folgers Coffee Mktg. & Sales Practices Litig.,* MDL No. 2984, 2021 U.S. Dist. LEXIS 63657, at *2 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices with respect to labeling of coffee products). The Panel should transfer and consolidate the instant cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; and (2) consolidation will be for the convenience of the parties and witnesses and will promote the just and efficient conduct of this litigation. *See* 28 U.S.C. §1407.

This Panel has transferred and centralized a host of cases involving data security breaches similar to the instant Data Breach—usually in the state where the primary defendant does substantial business or resides. *See In re T-Mobile 2022 Customer Data Security Breach Litig.,*

3

2023 WL 3829244 (J.P.M.L. 2023) (consolidating eleven actions across eight districts involving a data security breach of T-Mobile given T-Mobile's presence in Kansas City); *In re KeyBank Customer Data Security Breach Litig.*, 2023 WL 1811824 (J.P.M.L. 2023) (consolidating ten actions across at least three districts involving a data security breach of Key Bank given that defendants' headquarters are in Atlanta); *In re Samsung Customer Data Security Breach Litig.*, 2023 WL 1811247 (J.P.M.L. 2023) (consolidating nine actions across four districts in New Jersey (where Samsung is head quartered) involving a data security breach of Samsung); *In re MOVEit Customer Data Sec. Breach Litig.*, No. MDL 3083, 2023 WL 6456749 (U.S. Jud. Pan. Mult. Lit. Oct. 4, 2023) (consolidating 101 actions across 22 districts involving a data security breach arising from MOVEit's software vulnerability given that Progress Software is headquartered in Boston).

Here, each of the actions arise from AT&T's lax security practices. Each complaint filed alleges that AT&T's practices either violate common law or state data privacy laws, or both. The cases all involve common questions of fact, including:

  a. whether Defendant violated state common laws by failing to properly secure the sensitive personal information ("PI") of the various plaintiffs and the putative Classes;

  b. whether Defendant breached its contracts with various entities who entrusted it with PI;

  c. whether the proposed putative Classes should be certified;

  d. whether Defendant's conduct caused injury to plaintiffs and members of the putative Classes; and

  e. the measure and amount of damages sustained by plaintiffs and other members of the putative Classes.

The factual and expert discovery concerning these common questions of fact will be substantially the same in all Related Actions. In addition to these common factual questions, the Related Actions also share substantially similar legal theories and causes of action. Plaintiff

anticipates similar motion practice in all of the cases. Thus, these cases will benefit from coordinated or consolidated pretrial proceedings through a multidistrict litigation.

### B. The Northern District of Texas Is the Most Appropriate Transferee Forum under a Balancing of the Factors.

The Northern District of Texas is the most appropriate venue here. The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for consolidation. The decision involves a "balancing test based on the nuances of a particular litigation" that considers several factors, including the number of underlying cases pending before the district, the experience of the judiciary with the issues, the location of documents and witnesses, the centrality of the location, and common parties. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977); *and see, e.g.*, *In re Regents of University of California*, 964 F.2d 1128, 1136 (Fed. Cir. 1992); *and* Annotated Manual of Complex Litigation (Fourth) (2010). Transfer is appropriate when it enhances the convenience of the litigation as a whole. *See, e.g., In re Asbestos Prod. Liab. Litig. (No. VI)*, 771 F. Supp. 415, 420 (J.P.M.L. 1991) (citing *In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L.1968) ("The Panel, however, must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law.")).

Here, the Northern District of Texas is the most appropriate venue because: (1) AT&T's headquarters are in Texas, and a significant portion of the alleged conduct occurred here (including, based on information and belief, its servers); (2) it is a convenient forum because of the ease of direct travel for the parties' and their counsel; and (3) the Northern District of Texas has the availability, resources and the subject matter experience that this litigation will require. Tellingly,

the majority (10 of 11) of the Related Actions filed to date have been brought in the Northern District of Texas.

### 1. AT&T's Presence in Texas Strongly Supports Transfer and Centralization.

In proposed MDLs involving large-scale data security breaches, the Panel has often ruled that the single most important factor in deciding where to send the MDL is the presence of key documents and witnesses at the headquarters of the primary defendant. For example, in *Samsung*, this Panel held that "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found." *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 at *2; *see also*, *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F.Supp.3d 1362, 1364 (J.P.M.L. 2020) ("Blackbaud has its headquarters in South Carolina. Thus, common witnesses and other evidence likely will be located in this district.").

AT&T has its principal place of business and headquarters in Dallas, Texas and does significant business in Texas. Texas is the nexus of all of AT&T's operations. Documents, relevant witnesses, and other evidence for discovery are all located in Texas, and transfer to Texas will streamline discovery and conserve the parties' resources. Thus, transfer to Texas is appropriate because AT&T is located there, it serves the convenience of the parties, and will prevent duplicative discovery. *See In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. MDL 2873, 2023 WL 2875926, at *3 (U.S. Jud. Pan. Mult. Lit. Apr. 10, 2023) ("[T]ransfer is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay"); *and In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.")

### 2. The Northern District of Texas is Conveniently Located.

The majority of the Related Actions – ten out of the eleven total Related Actions – are already pending in the Northern District of Texas. This makes sense considering that AT&T is located there. Dallas, Texas possesses an international airline hub and is also an international business headquarters, making travel to and from the Texas District Court easy and convenient. *See In re Power Morcellator Prod. Liab. Litig.*, 140 F. Supp. 3d 1351, 1354 (U.S. Jud. Pan. Mult. Lit. 2015).

### 3. The District of Texas is Well-Equipped to Handle this MDL.

Additionally, the Northern District of Texas possesses all necessary resources and the subject matter experience that this litigation will require. The majority of the Related Actions are filed there, but as of this month, there is only one active MDL in the Northern District of Texas. *See* https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-April-1-2024.pdf (last visited 4/2/2023). The Northern District of Texas has the capacity to handle this MDL. *See* https://www.uscourts.gov/sites/default/files/fcms_na_distprofile0930.2023.pdf (last visited 4/2/2023). Accordingly, the Northern District of Texas is an appropriate choice for transfer and consolidation.

## III. Conclusion

For the reasons set forth herein, the undersigned respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the Northern District of Texas for coordinated and consolidated pretrial proceedings.

Dated: April 2, 2024

Respectfully submitted,

*/s/James Pizzirusso*
James J. Pizzirusso
**HAUSFELD LLP**
888 16th Street, N.W., Suite 300
Washington, D.C. 20006
Tel.: (202) 540-7200
Fax: (202) 540-7201
Email: jpizzirusso@hausfeld.com

Steven M. Nathan
**HAUSFELD LLP**
33 Whitehall Street, Fourteenth Floor
New York, NY 10004
Tel.: (646) 357-1100
Fax: (212) 202-4322
Email: snathan@hausfeld.com

Gary Klinger
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel.: 866-252-0878
Email: gklinger@milberg.com

Joe Kendall
**KENDALL LAW GROUP, PLLC**
3811 Turtle Creek, Suite 1450
Dallas, TX 75219
Tel.: (214) 744-3000
Fax: (877) 744-3728
Email: jkendall@kendalllawgroup.com

*Counsel for Plaintiff Alex Petroski*