BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: AT&T Data Breach Litigation | MDL No. 3114 |

## Declaration of Paula Phillips

I, Paula Phillips, declare:

1. I am a Director—Legal Administrator of AT&T Services, Inc. I make this declaration in support of transfer and centralization of related actions in the Northern District of Texas (Dallas) for consolidated proceedings.

2. Unless otherwise noted, this declaration is based upon my personal knowledge or upon information available to me in the regular course of my duties.

3. My job duties at AT&T Services, Inc., include serving in the Legal Department for the AT&T family of companies. I have been in this or a similar position since 1991 and have been with the AT&T family of companies since 1984. I am personally familiar with the corporate structure of the AT&T family of companies.

4. I have reviewed the filings of the few putative class plaintiffs (the "Georgia proponents") who contend that centralization in the Northern District of Georgia is appropriate because it is the location of AT&T's wireless business, as well as key witnesses and documents related to AT&T's recent announcement that AT&T-specific data fields were contained in a data set released online ("the incident"). That is not the case.

5. AT&T offers both wireline and wireless telephony and broadband services to consumer, business, and government customers in the United States.

6. The Georgia proponents speculate that AT&T wireless customers are likely to comprise most of the population potentially impacted by the incident. Although AT&T's investigation is ongoing, AT&T currently estimates that less than 5% of potentially impacted customer accounts are wireless.

7. Also, incident response is not centered in Georgia, it is directed from Dallas.

8. Moreover, key leadership for AT&T's wireless business are located in Dallas, not Atlanta, including marketing, finance, sales and distribution, the organization that builds the wireless network, and customer operations, which has certain incident response and breach remediation responsibilities.

9. The Georgia proponents note that AT&T's Chief Technology Officer, Jeremy Legg, has an office in Georgia. True, but Mr. Legg is an employee of AT&T Services, Inc., a Delaware corporation with its principal place of business in Dallas. Moreover, Mr. Legg spends considerable time (usually every other week) at AT&T's Dallas offices where most of his direct reports sit.

10. The Georgia proponents note that AT&T's Chief Data Officer, Andy Markus, also has an office in Georgia. Like Mr. Legg, Mr. Markus is an employee of AT&T Services, Inc., and spends significant time at AT&T's Dallas offices. Mr. Markus has twice as many employees in his organization working in Texas (approximately 37%), as compared to Georgia (approximately 19%). Another 19% are in New Jersey with the remaining 25% spread across the country.

11. AT&T's Chief Information Security Officer is based in Dallas, not Georgia. Only about 16% of the CISO organization is based in Georgia; the rest are concentrated in Texas, New Jersey, and other cities across the country.

12. Apparently based on their own searches of LinkedIn, the Georgia proponents say that "at least a dozen" AT&T "cybersecurity" employees are based in Atlanta including Steve Paek, Julie Kim, Jason Lawrence, Joanne Gilber, Tiwa Shittu, Tingli Crowe, Jordan Foster, Angel Rodriguez, Anthony Smith, Alfred Sackey-Mensah, Shannon Tolar, and Candy Pate.

13. But AT&T has more than 1,200 employees located across the country who have internal cybersecurity responsibilities. And the Georgia proponents do not identify any connection between these individuals and the incident. Indeed, based on AT&T's investigation to date (which remains ongoing), none of these individuals were involved in the incident or the response to the incident. Moreover, based on the information contained in the motion, AT&T could not identify two of the individuals as current or former employees.

I declare under penalty of perjury that the foregoing is true and correct. This declaration is executed this 1 day of May 2024 in Bedminster, New Jersey.

_____
Paula Phillips

3