# EXHIBIT A

**From:** Keteltas, Gilbert S. <gketeltas@bakerlaw.com>
**Sent:** Wednesday, May 08, 2024 1:28 PM
**To:** Norm Siegel <siegel@stuevesiegel.com>
**Cc:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Amy Keller <akeller@dicellolevitt.com>; Cam Tribble <ctribble@barneslawgroup.com>; Cutts, Kyle <kcutts@bakerlaw.com>; Lockyer, Brittany N. <blockyer@bakerlaw.com>
**Subject:** RE: AT&T Litigation

[EXTERNAL]

Norm,

I remember our call differently.

In light of the pending *Petroski* motion to transfer and consolidate, I reached out to all counsel across the country who had related matters pending and asked for agreement to stay all actions pending the JPML's resolution of the *Petroski* motion. Your response was "[c]an we have a quick call on this please?"

In the call, you and others pivoted from the stay discussion and asked a number of questions regarding the incident and our intentions in response to the transfer motion.  I told you we were inclined to support transfer to and consolidation in the Northern District of Texas. I did not tell you "no additional information was available," I declined to provide additional information.

I also noted that the lawyers you assembled on the call selected Georgia as a venue and filed claims against AT&T Mobility. I stated my assumption (hope) that their filings were subject to pre-filing investigation and diligence, information you also declined to provide.

You say that AT&T's response to your JPML filing was "selective." But any selectivity was dictated by the assertions the Georgia-proponents made in their filing, including:

- "the facts known at this stage of the litigation instead support the Northern District of Georgia as the location of the key witnesses and documents for this case";

- "AT&T wireless customers comprise most of AT&T's account holders and are therefore likely to comprise most of the 73 million victims of the data breach";

- "records show that most of the likely key witnesses are in the Northern District of Georgia, not in Texas";

- "most of the witnesses likely to have relevant information in this case are based in Atlanta, not Dallas.";

2

- A dozen Georgia-based "boots-on-the-ground" employees—whom you identified by name—"will have relevant information about the functionality and security of AT&T's networks along with the data security of AT&T's vendors, which AT&T acknowledges is a potential source of the data breach."

AT&T does not believe it should have been put to the time and expense of an additional filing to address the Georgia proponents' speculation.  We decline to provide the discovery you seek.

**Gil Keteltas**
He | Him | His
Partner



Washington Square
1050 Connecticut Ave N.W. | Suite 1100
Washington, DC 20036-5403
T +1.202.861.1530

gketeltas@bakerlaw.com
bakerlaw.com

---

**From:** Norm Siegel <siegel@stuevesiegel.com>
**Sent:** Friday, May 3, 2024 5:09 PM
**To:** Keteltas, Gilbert S. <gketeltas@bakerlaw.com>
**Cc:** Douglas J. McNamara <DMcNamara@cohenmilstein.com>; Amy Keller <akeller@dicellolevitt.com>; Cam Tribble <ctribble@barneslawgroup.com>
**Subject:** RE: AT&T Litigation

**[External Email: Use caution when clicking on links or opening attachments.]**

Gil – prior to filing our interested party response in the JPML we asked you whether there was any additional information you could provide that would inform the proper transferee court for this case. You responded that no additional information was available. True to your word, AT&T filed a generic response supporting the Northern District of Texas based on the location of AT&T's headquarters. Despite the lack of any additional public information, AT&T has now offered some selective information in reply to our response supporting centralization in the Northern District of Georgia. In order to fairly evaluate AT&T's reply, and in the interests of providing a full record to the Panel, we request that AT&T provide the following information:

1. What does AT&T know about the source of its data placed on the Dark Web?

2. What is AT&T's relationship with the breached entity that possessed that data?

3. AT&T's response suggests that it has preliminary information about the potential customers impacted by the data breach. For example, Paula Phillips, declared "less than 5% of potentially impacted customer accounts are wireless." Which AT&T customer accounts comprise the remaining 95%?

4. AT&T represents that "incident response is not centered in Georgia, it is directed from Dallas." This phrasing suggests that while the directive allegedly originated in Dallas, the boots-on-the-ground employees executing those orders were not. Were any AT&T employees executing response and remediation located in or around Atlanta? If so, where?

5. AT&T represents that "based on AT&T's investigation to date (which remains ongoing), none of these individuals were involved in the incident or the response to the incident." While we understand that AT&T's investigation remains ongoing, this suggests that AT&T has completed a preliminary investigation of the incident or at a minimum has preliminary information about the employees who were involved in the incident and responded to the incident.  Where are these employees located?

6. AT&T represents that its Chief Information Security Officer (CISO) is based in Dallas. However, public sources suggest Mr. Baich resides in Charlotte, North Carolina. Please confirm that AT&T's CISO does not reside in Charlotte, North Carolina.

Please provide responses by May 8. Alternatively, we are happy to coordinate a short deposition of Ms. Phillips any time in the next two weeks.

Happy to discuss at your convenience.

Thanks,
Norm

**Norman E. Siegel**
Stueve Siegel Hanson LLP
460 Nichols Road, Suite 200
Kansas City, MO 64112
816-714-7112
www.stuevesiegel.com

This email (including any attachments) is intended only for the use of the recipient to whom it is addressed and may contain information that is privileged, confidential, or protected by law. Any unauthorized review, use, disclosure, or distribution is prohibited. If you are not the intended recipient, please delete the email and any attachments and notify us immediately. Thank you.

This email is intended only for the use of the party to which it is addressed and may contain information that is privileged, confidential, or protected by law. If you are not the intended recipient you are hereby notified that any dissemination, copying or distribution of this email or its contents is strictly prohibited. If you have received this message in error, please notify us immediately by replying to the message and deleting it from your computer.

Any tax advice in this email is for information purposes only. The content of this email is limited to the matters specifically addressed herein and may not contain a full description of all relevant facts or a complete analysis of all relevant issues or authorities.

Internet communications are not assured to be secure or clear of inaccuracies as information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete, or contain viruses. Therefore, we do not accept responsibility for any errors or omissions that are present in this email, or any attachment, that have arisen as a result of e-mail transmission.


------------------------------------------------------------
This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient.  If you are not the intended recipient, you may not read, copy, distribute, or use the information in this email or any attachments; please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto.