**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: AT&T CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 3114 |

**INTERESTED PARTY RESPONSE OF PLAINTIFFS SAM KNIGHT AND LACRISTA
BAGLEY IN OPPOSITION TO PLAINTIFF ALEC PETROSKI'S MOTION FOR
TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE
NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S. § 1407
<u>FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

## I.  **INTRODUCTION**

Pursuant to 28 U.S.C. § 1407,  Interested Party Sam Knight, the named plaintiff in the action styled *Knight v. AT&T Inc.*, No. CIV-24-324 (W.D. Okla.), and Interested Party Lacrista A. Bagley, the named plaintiff in the action styled *Bagley v. AT&T Inc.*, No. 3:34-cv-00770 (N.D. Tex.) (collectively, "Plaintiffs"), by and through their undersigned counsel of record, respectfully submit this Interested Party Response in Opposition to Plaintiff Alec Petroski's Motion for Transfer and Centralization of Related Actions to the Northern District of Texas Pursuant to 28 U.S. § 1407 for Consolidated Pretrial Proceedings (the "Motion") (Doc. Nos. 1 & 2).

Plaintiffs support the Motion to the extent it requests the transfer and centralization of all Related Actions[1] to a common jurisdiction. The Related Actions involve numerous common questions of law and fact, and consolidation will serve the convenience of the parties and witnesses and will promote the just and efficient resolution of this litigation. However, compelling logistical reasons justify transferring the Related Actions to the United States District Court for the Western District of Oklahoma rather than the United States District Court for the Northern District of Texas. The Western District of Oklahoma has ideal docket conditions and experienced jurists who will knowledgably and swiftly aid in the timely resolution of the Related Actions. Therefore, Plaintiffs respectfully request the Panel transfer the Related Actions to the United States District Court for the Western District of Oklahoma for the reasons set forth below.

## II.  **BACKGROUND**

The underlying nationwide litigation stems from a massive data breach in which the personally identifiable information ("PII") of approximately 51,226,382 AT&T, Inc. ("AT&T" or "Defendant") customers was released on the dark web on March 17, 2024 (the "Data Breach" or

---

[1] "Related Actions" are those actions comprising this multidistrict litigation.

"Breach"). The information exposed varied by individual, but included full names, email addresses, mailing addresses, phone numbers, Social Security numbers, dates of birth, AT&T account numbers, and AT&T passcodes.

Shortly after the Data Breach was announced, well over thirty (30) class action lawsuits were filed against AT&T in at least seven (7) judicial districts across the nation. The jurisdictions with pending actions against AT&T include: (i) the Western District of Oklahoma; (ii) the Northern District of Texas; (iii) the Eastern District of Texas; (iv) the Northern District of Georgia; (v) the Western District of Missouri; (vi) the Eastern District of California; and (vii) the Northern District of Illinois. With over thirty (30) lawsuits filed, and the inevitable likelihood that more will follow, consolidation and centralization are imperative in a venue that has both the experience and capacity to take on this nationwide litigation.

## III.  <u>ARGUMENT</u>

### A.  Factors for Selection of Transferee Forums.

Pursuant to 28 U.S.C. § 1407(a), the Panel may transfer actions to "any district" and has broad discretion to choose the transferee court. There are several factors the Panel typically takes into consideration in determining the most appropriate transferee forum. *See* Federal Judicial Center, *Manual for Complex Litigation* § 20.131 (4th ed. 2004). Among these factors are (1) centrality; (2) location of evidence and witnesses; (3) overall docket conditions; (4) the pendency of other MDL matters; and (5) the overall experience of the Judge. *See* D. Herr, *Multidistrict Litigation Manual: Practice Before the Judicial Panel on Multidistrict Litigation* §§ 6:5, 6:7, 6:15, 6:17, 6:22 (2024 ed.). For the reasons set forth below, each of these factors weighs in favor of the Western District of Oklahoma.

**B. The Western District of Oklahoma is the Most Appropriate Venue for Transferring and Consolidating the Related Actions.**

> **1.  *Factors 1 and 2: The Western District of Oklahoma is a Central and Easily Accessible Location for the Nationwide Litigation Against AT&T.***

In nationwide litigation, such as the litigation here, the Panel has previously favored centrally located transferee forums. *See In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023) (transferring data breach class actions to a district that provided central and easily accessible location for nationwide litigation); *In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378, 1380 (J.P.M.L. 2015) (transferring cases to forum that was "geographically central and accessible forum for th[e] nationwide litigation."); *In re Chrysler Pacifica Fire Recall Prods. Liab. Litig.*, 2022 WL 3134131 (J.P.M.L. 2022) (transferring to district centrally located to nationwide litigation); *In re Deere & Co. Repair Servs. Antitrust Litig.*, 2022 WL 2133576 (J.P.M.L. 2022) (transferring to geographically central district that offered readily accessible forum for nationwide litigation); *In re RealPage, Inc., Rental Software Antitrust Litig.*, 2023 WL 2875737 (J.P.M.L. 2023) (transferring to district presenting geographically central, convenient, and accessible venue for nationwide litigation).

The Panel has continuously recognized the centrality of the Western District of Oklahoma's geographic location in selecting it as the optimal transferee forum for other nationwide litigation. *See In re TransData, Inc., Smart Meters Patent Litig.*, 830 F. Supp. 2d 1381, 1382 (J.P.M.L. 2011) ("We are persuaded that the Western District of Oklahoma is the most appropriate transferee district. It is near Texas, where many parties are located; is in a geographically central location for this nationwide litigation; and an action is already pending in that district."); *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 278 F. Supp. 3d 1376, 1378 (J.P.M.L. 2017) (selecting the Western District of Oklahoma in part because it was "centrally located"); *In re Gen. Motors Corp. Piston Slap Prod. Liab. Litig.*, 314 F.

4

Supp. 2d 1386, 1388 (J.P.M.L. 2004) ("[T]he Western District of Oklahoma will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation."); *In re Farmers Ins. Co., Inc., Ins. Premiums Litig.*, 295 F. Supp. 2d 1375, 1377 (J.P.M.L. 2003) ("We are persuaded that the Western District of Oklahoma is an appropriate transferee forum for this litigation. We note that an action is pending there and that this choice provides a convenient, central forum."). Thus, it is evident that the Western District of Oklahoma is an optimal location.

It is imperative that the Panel select a transferee forum that is geographically central due to the expansive nature of this litigation. AT&T is one of the largest telecommunications companies in the world,[2] offering telecommunication and internet services to consumers in all fifty (50) states.[3] AT&T has approximately 5,340 locations across the U.S.[4] and owns and operates twenty-two (22) internet data centers spanning from New York to California.[5] In addition to its nationwide presence, AT&T also has a global presence. AT&T has eight (8) internet data centers in Asia Pacific;[6] offices in Canada;[7] ninety-nine (99) data centers in Europe, the Middle East, and

---

[2] Nathan Reiff, *10 Biggest Telecommunications (Telecom) Companies*, INVESTOPEDIA (Sept. 29, 2023), https://www.investopedia.com/articles/markets/030216/worlds-top-10-telecommunications-companies.asp (last visited Apr. 19, 2024).

[3] *Explore AT&T Services in your area*, AT&T, https://www.att.com/local/ (last visited Apr. 19, 2024).

[4] *Number of AT&T locations in the United States*, SCRAPEHERO A DATA COMPANY (Apr. 2, 2024), https://www.scrapehero.com/location-reports/AT%20&%20T-USA/ (last visited Apr. 19, 2024).

[5] CLOUD AND COLOCATION, https://cloudandcolocation.com/colocation-provider/att/ (last visited Apr. 19, 2024).

[6] *AT&T in Asia Pacific*, AT&T BUSINESS, https://www.business.att.com/industries/att-global-business-asia-pacific.html (last visited Apr. 19, 2024).

[7] *AT&T in Canada*, AT&T BUSINESS, https://www.business.att.com/industries/att-global-business-canada.html (last visited Apr. 19, 2024).

Africa;[8] and headquarters in Mexico City and Sao Paulo.[9] Thus, due to AT&T's nationwide and global presence, the Western District of Oklahoma is an ideal geographically central location for this nationwide litigation.

Due to AT&T's nationwide and global presence, documents and witnesses will not be concentrated in one location, which further supports a geographically central venue such as the Western District of Oklahoma. "Before the advent of online document depositories and the potential availability of all the documents in a case on a single web-accessible depository, the location of documents was a very important factor." *Multidistrict Litigation Manual* § 6:5. However, now, most if not all discovery and proceedings can proceed electronically. Documents can be produced electronically, witnesses can be deposed via video conference, and attorneys often appear virtually for court hearings. Thus, while AT&T may have its headquarters in Texas, which is a very short drive from Oklahoma City, this is of diminished importance due to the rise of technology. Rather, the key to success in managing this litigation will be selecting a transferee forum that has the capacity and experience to guide the litigation to resolution. *See In re: Wright Med. Tech., Inc., Conserve Hip Implant Prod. Liab. Litig.*, 844 F. Supp. 2d 1371, 1373 (J.P.M.L. 2012) (finding that because the cases involved medical devices that were marketed and sold throughout the nation, the Northern District of Georgia was an appropriate transferee forum because it was "central, accessible, and enjoy[ed] favorable docket conditions," even though the defendant was not based in Georgia).

---

[8]   *AT&T in Europe, Middle East, and Africa*, AT&T Business, https://www.business.att.com/industries/att-global-business-europe-middle-east-and-africa.html (last visited Apr. 19, 2024).

[9]   *AT&T in Latin America and the Caribbean*, AT&T Business, https://www.business.att.com/industries/att-global-business-latin-america-and-caribbean.html (last visited Apr. 19, 2024).

Not only is the Western District of Oklahoma centrally located, but it is also an easily accessible metropolitan location, which the Panel favors when selecting transferee forums. *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.,* 196 F. Supp. 2d 1375, 1376–77 (J.P.M.L. 2002) (transferring litigation to a district court "in a major metropolitan center that is well served by major airlines, provides ample hotel and office accommodations, and offers a well-developed support system for legal services."); *In re Laughlin Prod., Inc. Patent Litig.,* 240 F. Supp. 2d 1358, 1359 (J.P.M.L. 2003) (transferring to "an accessible metropolitan district"). The Western District of Oklahoma is situated in Oklahoma City, a major metropolitan area offering convenient travel and readily available cost efficient accommodations. The City's largest airport offers travel by multiple major passenger airlines and nonstop service to twenty-one (21) cities across the United States, including both coasts as well as northern and southern cities.[10] The city has Amtrak service[11] as well as numerous other forms of ground transportation, including Uber,[12] Lyft,[13] and an extensive public transportation system.[14] Visitors can choose from a wide variety of hotel accommodations at affordable price points, including hotels near the courthouse and the airport.[15]

---

[10] *See Airports*, CITY OF OKLAHOMA CITY, https://www.okc.gov/residents/airports (last visited Apr. 19, 2024).

[11] AMTRAK, https://www.amtrak.com/stations/okc (last visited Apr.19, 2024).

[12] *See Getting around Oklahoma City, OK*, UBER, https://www.uber.com/global/en/cities/oklahoma-city/?utm_campaign=CM2198659-search-bing-brand_1_-99_US-National_o-d_web_acq_cpc_en_Generic_Phrase_uber_kwd-75729274461184%3Aloc-71253__1211662316540068_e_c&utm_source=bing (last visited Apr. 19, 2024).

[13] *See Cities*, LYFT, https://www.lyft.com/rider/cities/oklahoma-city-ok (last visited Apr. 19, 2024).

[14] *See* EMBARK, www.embarkok.com (last visited Apr. 19, 2024) (offering transportation by bus, ferry, streetcar, bike share, and rideshare).

[15] *See Oklahoma City Hotels*, OKC THE MODERN FRONTIER, www.visitokc.com/hotels/ (last visited Apr. 22, 2024) (offering hotel selections in downtown, Bricktown, and near the airport).

Oklahoma City combines western charm with its modern metropolitan atmosphere to create an environment that is conducive to handling complex litigation such as this.

The Western District of Oklahoma is centrally located, easily accessible to all parties, and is located in a bustling metropolitan area. Hence, the Western District of Oklahoma is the most favorable forum for the litigation against AT&T.

### 2. *Factor 3: The Western District of Oklahoma's Docket Statistics Support Transfer and Consolidation in the Western District of Oklahoma.*

Further, the Western District of Oklahoma's favorable docket conditions warrant its selection as the transferee forum for this litigation. "The Panel has expressly stated that it will consider docket conditions in selecting a transferee district." *Multidistrict Litigation Manual* § 6:17; *see also In re: TransData, Inc., Smart Meters Pat. Litig.*, 830 F. Supp. 2d at 1382 (transferring cases to the Western District of Oklahoma after finding the Western District of Oklahoma's docket conditions were more favorable than other proposed transferee forums); *In re: Webvention LLC ('294) Pat. Litig.*, 831 F. Supp. 2d 1366, 1367 (J.P.M.L. 2011) (transferring cases to a district court with favorable docket conditions where the other proposed transferee forums had large civil caseloads); *In re Educational Testing Serv. PLT 7-12 Test Scoring Litig.*, 350 F. Supp. 2d 1363 (J.P.M.L. 2004) (transfer to district with favorable caseload conditions); *In re Sony Gaming Networks and Customer Data Sec. Breach Litig.*, 802 F. Supp. 2d 1370 (J.P.M.L. 2011) (transfer to district that "enjoys general docket conditions conducive to the efficient resolution of this litigation"). As demonstrated below, the Western District of Oklahoma has very favorable dockets conditions that will facilitate efficient resolution of this litigation.

The most recent Federal Court Management and Caseload Statistics for the Western District of Oklahoma indicate that it is not unduly congested, and that it has the capacity to handle

this litigation.[16] The Western District of Oklahoma has the least busy docket out of the seven districts with pending litigation against AT&T.[17] The Western District of Oklahoma has the lowest number of total cases filed (1,130) and pending (1,076) in 2023.[18] Of all the forums mentioned, the Western District of Oklahoma also has one of the smallest percentages of cases pending for three years or more at only 6.4%.[19] Additionally, the Western District of Oklahoma has a very favorable disposition rate with the median civil case resolved in a mere 8.8 months after filing, far surpassing other jurisdictions.[20] These statistics demonstrate the Western District of Oklahoma's ability to resolve this case in a timely and efficient fashion.

**U.S. District Courts—Civil Cases Commenced, Terminated, and Pending During the 12-Month Period Ending March 31, 2023[21]**

| District Court | Total Number of Filed Cases | Total Number of Pending Cases |
| --- | --- | --- |
| Western District of Oklahoma | 1,130 | 1,076 |
| Northern District of Texas | 5,384 | 3,937 |
| Eastern District of Texas | 3,194 | 3,176 |
| Northern District of Illinois | 8,175 | 9,946 |
| Eastern District of California | 3,982 | 5,812 |
| Northern District of Georgia | 6,133 | 5,333 |
| Western District of Missouri | 1,858 | 1,335 |

**U.S. District Courts—Percent of Civil Cases Over 3 Years Old During the 12-Month Period Ending December 31, 2023[22]**

| District Court | Total Percent of Civil Cases Over 3 Years Old |
| --- | --- |
| Western District of Oklahoma | 6.4% |
| Northern District of Texas | 11.1% |
| Eastern District of Texas | 8.0% |

---

[16] *See* Exs. 1–5 (highlighting added for the Panel's convenience).

[17] *See* Ex. 1.

[18] *Id.*

[19] *See* Ex. 4.

[20] For example, the Eastern District of California has an average disposition rate of 10.1 months.

[21] *See* Ex. 1.

[22] *See* Ex. 4.

| Northern District of Illinois | 13.0% |
|---|---|
| Eastern District of California | 18.6% |
| Northern District of Georgia | 6.0% |
| Western District of Missouri | 9.8% |

As evidenced above, the Western District of Oklahoma boasts very favorable docket statistics that are worthy of the Panel's consideration. Therefore, this factor weighs in favor of the Western District of Oklahoma.

### 3. *Factor 4: The Western District of Oklahoma Currently Does Not Have Any Multidistrict Litigation Pending.*

What makes the Western District of Oklahoma the most conducive to this nationwide litigation, is that the Western District of Oklahoma currently does not have any MDL actions pending.[23] "The Panel has expressly stated that the fact a district has no pending dockets of multidistrict matters transferred by the Panel is a factor that favors transfer to that district." *Multidistrict Litigation Manual* § 6:22. This is in stark contrast to the other jurisdictions with litigation pending against AT&T. For comparison, the Northern District of Georgia has four (4) MDLs pending, the Northern District of Illinois has sixteen (16) MDLs pending, the Western District of Missouri has four (4) MDLs pending, the Eastern District of Texas has one (1) MDL pending, and the Northern District of Texas has two (2) MDLs pending.[24] The absence of other multidistrict litigation tips the scale in favor of the Western District of Oklahoma. *See In re Teflon Prod. Liab. Litig.*, 416 F. Supp. 2d 1364, 1365 (J.P.M.L. 2006) (transferring cases to the Southern District of Iowa because the Southern District of Iowa provided a geographically central location, did not have any other multidistrict litigation dockets, and enjoyed favorable docket conditions); *In re Pressure Sensitive Labelstock Antitrust Litig.*, 290 F. Supp. 2d 1374, 1376 (J.P.M.L. 2003)

---

[23] *See* Ex. 5.

[24] *Id.*

(transferring actions to the Middle District of Pennsylvania because it did "not currently have multidistrict dockets" and enjoyed favorable docket conditions); *In re: Actos Prod. Liab. Litig.*, 840 F. Supp. 2d 1356, 1357 (J.P.M.L. 2011) (transferring nationwide litigation with actions pending in numerous districts to a transferee forum that had no other multidistrict litigation pending).

### 4.  *Factor 5: The Western District of Oklahoma has the Expertise and Resources Necessary to Manage the Nationwide Litigation Against AT&T.*

Lastly, "[t]he Panel has repeatedly indicated its preference for transferring multidistrict cases to courts with experience handling complex cases." *Multidistrict Litigation Manual* § 6:15. As the Panel has found many times before, the Western District of Oklahoma is well-equipped with the experience, resources, and jurists to handle the demands of this multidistrict litigation. *See In re: Cox Enterprises, Inc., Set-Top Cable Television Box Antitrust Litig.*, 626 F. Supp. 2d 1343 (J.P.M.L. 2009) (transferring cases to the Western District of Oklahoma where the transferee judge had the "time and experience to steer th[e] litigation on an expeditious course"); *In re Samsung Top-Load Washing Mach. Mktg., Sales Pracs. & Prod. Liab. Litig.*, 278 F. Supp. 3d at 1378 (transferring cases to the Western District of Oklahoma where the transferee judge was "an experienced jurist" who would "steer th[e] litigation on a prudent course"); *In re Gen. Motors Corp. Piston Slap Prod. Liab. Litig.*, 314 F. Supp. 2d at 1387 (The Western District of Oklahoma is "equipped with the resources that this complex docket is likely to require.").

Honorable Judge Joe L. Heaton, who is currently assigned to the case pending in the Western District of Oklahoma, is a highly credentialed and experienced jurist who, following a distinguished career in private practice, has served on the federal bench since 2001.[25] Judge Heaton was the Chief Judge of the Western District of Oklahoma from 2015 to 2019, and assumed senior

---

[25] *See* Ex. 6.

status on July 1, 2019.[26][27]  Importantly,  Judge Heaton generally takes only fifty (50) days to rule on motions to dismiss and an average of only sixty-eight (68) days to rule on motions for summary judgment.[28] Notably, cases overseen by Judge Heaton are typically resolved in less than a year's time.[29]

The Panel previously recognized Judge Heaton's expertise and skill by assigning him to *In re Gen. Motors Corp. Piston Slap Prod. Liab. Litig.*, 314 F. Supp. 2d 1386 (J.P.M.L. 2004). Judge Heaton is well-versed in multidistrict litigation and does not currently have any other multidistrict litigation docket, which necessarily supports transfer of the litigation to Judge Heaton.[30]  *See In re Farmers Ins. Co., Inc., Ins. Premiums Litig.*, 295 F. Supp. 2d at 1377  (assigning litigation to the Western District of Oklahoma because it did not have any other multidistrict litigation docket and the transferee judge had a favorable caseload); *In re One Apus Container Ship Incident on November 30, 2020*, 2022 WL 2127331 (J.P.M.L. 2022) (transferring cases to experienced transferee judge with capacity to take on complex litigation); *In re Abbott Labs., et al., Preterm Infant Nutrition Prods. Liab. Litig.*, 600 F. Supp. 3d 1345 (J.P.M.L. 2022) (transferring to "seasoned jurist who is well-versed in the complexities of multidistrict litigation"); *In re Procter & Gamble Aerosol Prods. Mktg. and Sales Practices Litig.*, 600 F. Supp. 3d 1343 (J.P.M.L. 2022)

---

[26] *Id.*

[27] Not only is Judge Heaton's experience on the bench exemplary, his experiences prior to taking his place as a federal judge give him a wide breadth of understanding. Prior to serving on the bench, Judge Heaton served as a State Representative in the Oklahoma House of Representatives and was re-elected three (3) times.[27] Judge Heaton was also a Special Assistant United States Attorney in the United States Attorney's Office, Western District of Oklahoma from 1992 to 1993.[27] Following that, Judge Heaton was a First Assistant United States Attorney of the United States Attorney's Office, Western District of Oklahoma from 1996 to 2001.[27] Judge Heaton's diverse experience coupled with his distinguished career as a federal judge make him an ideal judge to preside over this complex litigation.

[28] *Id.* at p. 1.

[29] *Id.*

[30] *See* Ex. 5.

(transferring to experienced transferee judge with willingness and ability to manage litigation efficiently).

As this Panel has already found, the Western District of Oklahoma is "equipped with the resources that this complex docket is likely to require." *In re Gen. Motors Corp. Piston Slap Prod. Liab. Litig.*, 314 F. Supp. 2d at 1388. Therefore, the Western District of Oklahoma is the most compelling transferee forum for this multidistrict litigation.

## IV.   <u>CONCLUSION</u>

The Western District of Oklahoma is optimally situated with experienced judges, and capable of effectively managing this nationwide litigation. For these reasons, Plaintiffs respectfully request an Order granting Transfer and Consolidation to Judge Heaton in the Western District of Oklahoma. The Western District of Oklahoma has the resources and capacity to properly oversee this litigation. Alternatively, Plaintiffs support transfer and consolidation of the actions to the Northern District of Texas.

Date: April 19, 2024

Respectfully Submitted,

*/s/ Kennedy M. Brian*
Kennedy M. Brian
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
Email: kpb@federmanlaw.com
***Attorney for Plaintiff Sam Knight***

William B. Federman
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Avenue
Oklahoma City, OK 73120
Telephone: (405) 235-1560
Facsimile: (405) 239-2112
wbf@federmanlaw.com
***Attorney for Plaintiff Lacrista A. Bagley***

**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: AT&T CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 3114 |

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, the undersigned hereby certifies that on April 25, 2024, I caused a true and correct copy of the foregoing to be filed and served electronically with the Clerk of the Court for the JPML using the CM/ECF System or via email on all counsel or parties as follows:

| SERVICE VIA ELECTRONIC MAIL TO | |
|---|---|
| Bruce W. Steckler<br>STECKLER WAYNE & LOVE, PLLC<br>12720 Hillcrest Road,<br>Suite 1045<br>Dallas, TX 75230<br>(972) 387-4040<br>(972) 387-4041 (fax)<br>bruce@swclaw.com<br><br>Counsel for Plaintiff: Nicholas Nelli<br>N.D. Tex. Case No. 3:24-cv-00759<br><br>Counsel for Plaintiff: Matthew Barkley<br>N.D. Tex. Case No. 3:24-cv-00769<br><br>Counsel for Plaintiff: Patricia Dean<br>N.D. Tex. Case No. 3:24-cv-00776<br><br>Counsel for Plaintiff: Ryan Aquino<br>N.D. Tex. Case No. 3:24-cv-00802<br><br>Counsel for Plaintiffs: Joseph Casey and Raquel Agee<br>N.D. Tex. Case No. 3:24-cv-00803 | Joe Kendall<br>KENDALL LAW GROUP, PLLC<br>3811 Turtle Creek,<br>Suite 825<br>Dallas, TX 75219<br>(214) 744-3000<br>(214) 744-3015 (fax)<br>jkendall@kendalllawgroup.com<br><br>Counsel for Plaintiff: Alex Petroski<br>N.D. Tex. Case No. 3:24-cv-00757<br><br>Counsel for Plaintiff: Andrew March<br>N.D. Tex. Case No. 3:24-cv-00758<br><br>Counsel for Plaintiff: Mike Montoya<br>N.D. Tex. Case No. 3:24-cv-00760<br><br>Counsel for Plaintiffs: Jeffrey Cumo and Tiara Alston<br>N.D. Tex. Case No. 3:24-cv-00772<br><br>Counsel for Plaintiffs: Richard Slovenkay and Wesley Hansen<br>N.D. Tex. Case No. 3:24-cv-00774 |

1

| | |
|---|---|
| Counsel for Plaintiff: Brandon Huyler<br>N.D. Tex. Case No. 3:24-cv-00847 | Counsel for Plaintiff: Alison Williamson<br>N.D. Tex. Case No. 3:24-cv-00790<br><br>Counsel for Plaintiff: Aurora Rosario<br>N.D. Tex. Case No. 3:24-cv-00793<br><br>Counsel for Plaintiffs: Dan Hearon, Geri Sherwood and Kylin Smith<br>N.D. Tex. Case No. 3:24-cv-00818<br><br>Counsel for Plaintiff: Scott Mathews<br>N.D. Tex. Case No. 3:24-cv-00824<br><br>Counsel for Plaintiff: Paola Williams<br>N.D. Tex. Case No. 3:24-cv-00835<br><br>Counsel for Plaintiffs: Nella Citino and Daniel Mizell<br>N.D. Tex. Case No. 3:24-cv-00843<br><br>Counsel for Plaintiff: Elaine Hernandez<br>N.D. Tex. Case No. 3:24-cv-00840<br><br>Counsel for Plaintiff: M. Andrew Stover<br>N.D. Tex. Case No. 3:24-cv-00863<br><br>Counsel for Plaintiff: Cameron King<br>N.D. Tex. Case No. 3:24-cv-00867<br><br>Counsel for Plaintiff: R.D. Randall<br>N.D. Tex. Case No. 3:24-cv-00873<br><br>Counsel for Plaintiff: Brian Patterson<br>N.D. Tex. Case No. 3:24-cv-00875<br><br>Counsel for Plaintiff: Ahmed Abdellatif<br>N.D. Tex. Case No. 3:24-cv-00876 |
| Steven M. Nathan<br>HAUSFELD LLP<br>33 Whitehall Street, Fourteenth Floor<br>New York, NY 10004<br>(646) 357-1100<br>(212) 202-4322 (fax)<br>snathan@hausfeld.com<br><br>Counsel for Plaintiff: Alex Petroski | Gary Klinger<br>MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC<br>277 W. Monroe Street, Suite 2100<br>Chicago, IL 60606<br>(866) 252-0878<br>gklinger@milberg.com<br><br>Counsel for Plaintiff: Alex Petroski |

| | |
|---|---|
| N.D. Tex. Case No. 3:24-cv-00757<br>Counsel for Plaintiffs: Nella Citino and Daniel Mizell<br>N.D. Tex. Case No. 3:24-cv-00843 | N.D. Tex. Case No. 3:24-cv-00757<br><br>Counsel for Plaintiff: Nicholas Nelli<br>N.D. Tex. Case No. 3:24-cv-00797<br><br>Counsel for Plaintiffs: Nella Citino and Daniel Mizell<br>N.D. Tex. Case No. 3:24-cv-00843 |
| David J. George<br>Brittany L. Brown<br>GEORGE FELDMAN MCDONALD, PLLC<br>9897 Lake Worth Drive, Suite 302<br>Lake Worth, FL 33467<br>(561) 232-6002<br>(888) 421-4173 (fax)<br>dgeorge@4-Justice.com<br>bbrown@4-Justice.com<br>eservice@4-Justice.com<br><br>Counsel for Plaintiff: C. Mario Jaramillo<br>N.D. Tex. Case No. 3:24-cv-00761 | James J. Pizzirusso<br>HAUSFELD LLP<br>888 16th Street, N.W.,<br>Suite 300<br>Washington, D.C. 20006<br>(202) 540-7200<br>(202) 540-7201 (fax)<br>jpizzirusso@hausfeld.com<br><br>Counsel for Plaintiff: Alex Petroski<br>N.D. Tex. Case No. 3:24-cv-00757<br><br>Counsel for Plaintiffs: Nella Citino and Daniel Mizell<br>N.D. Tex. Case No. 3:24-cv-00843 |
| J. Gerard Stranch, IV<br>Andrew E. Mize<br>Grayson Wells<br>STRANCH, JENNINGS & GARVEY, PLLC<br>The Freedom Center<br>223 Rosa L. Parks Avenue, Suite 200<br>Nashville, TN 37203<br>(615) 254-8801<br>gstranch@stranchlaw.com<br>amize@stranchlaw.com<br>gwells@stranchlaw.com<br><br>Counsel for Plaintiff: Nicholas Nelli<br>N.D. Tex. Case No. 3:24-cv-00759<br><br>Counsel for Plaintiffs: Dan Hearon, Geri Sherwood and Kylin Smith<br>N.D. Tex. Case No. 3:24-cv-00818 | Terence R. Coates<br>Justin C. Walker<br>Johnathan T. Deters<br>MARKOVITS, STOCK & DEMARCO, LLC<br>119 East Court Street, Suite 530<br>Cincinnati, OH 45202<br>(513) 651-3700<br>(513) 665-0291 (fax)<br>tcoates@msdlegal.com<br>jwalker@msdlegal.com<br>jdeters@mdslegal.com<br><br>Counsel for Plaintiff: Andrew March<br>N.D. Tex. Case No. 3:24-cv-00758<br><br>Counsel for Plaintiff: Aurora Rosario<br>N.D. Tex. Case No. 3:24-cv-00793 |
| Janine L. Pollack<br>GEORGE FELDMAN MCDONALD, PLLC<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>(917) 983-2707<br>(888) 421-4173 (fax) | Jeff Ostrow<br>Steven Sukert<br>KOPELOWITZ OSTROW P.A.<br>One West Los Olas Blvd.,<br>Suite 500<br>Fort Lauderdale, FL 33301 |

| | |
|---|---|
| jpollack@4-Justice.com<br><br>Counsel for Plaintiff: C. Mario Jaramillo<br>N.D. Tex. Case No. 3:24-cv-00761 | (954) 525-4100<br>ostrow@kolawyers.com<br>sukert@kolawyers.com<br><br>Counsel for Plaintiff: Nicholas Nelli<br>N.D. Tex. Case No. 3:24-cv-00759 |
| Bryan L. Bleichner<br>Philip J. Krzeski<br>CHESTNUT CAMBORONNE PA 100<br>Washington Ave., Suite 100<br>Minneapolis, MN 55401-2138<br>(612) 767 -3600<br>(612) 336- 2940 (fax)<br>bbleichner@chestnutcambronne.com<br>pkrzeski@chestnutcambronne.com<br><br>Counsel for Plaintiff: Matthew Barkley<br>N.D. Tex. Case No. 3:24-cv-00769 | Samuel J. Strauss<br>Raina C. Borelli<br>TURKE & STRAUSS LLP<br>613 Williamson St., Suite 201<br>Madison, WI 53703<br>(608) 237-1775<br>(608) 509-4223 (fax)<br>sam@turkestrauss.com<br>raina@turkestrauss.com<br><br>Counsel for Plaintiff: Mike Montoya<br>N.D. Tex. Case No. 3:24-cv-00760 |
| William B. Federman<br>FEDERMAN & SHERWOOD<br>10205 N. Pennsylvania Ave.<br>Oklahoma City, OK 73120<br>(405) 235-1560<br>(405) 239-2112(fax)<br>wbf@federmanlaw.com<br><br>Counsel for Plaintiff: Lacrista A. Bagley<br>N.D. Tex. Case No. 3:24-cv-00770 | Lori G. Feldman<br>GEORGE FELDMAN MCDONALD, PLLC<br>102 Half Moon Bay Drive<br>Croton-on-Hudson, NY 10520<br>(917) 983-9321<br>(888) 421-4173 (fax)<br>lfeldman@4-Justice.com<br><br>Counsel for Plaintiff: C. Mario Jaramillo<br>N.D. Tex. Case No. 3:24-cv-00761 |
| Joseph M. Lyon<br>Kevin M. Cox<br>THE LYON FIRM<br>2754 Erie Avenue<br>Cincinnati, OH 45208<br>(513) 381-2333<br>(513) 766-9011 (fax)<br>jlyon@thelyonfirm.com<br><br>Counsel for Plaintiffs: Jeffrey Cumo and Tiara Alston<br>N.D. Tex. Case No. 3:24-cv-00772<br><br>Counsel for Plaintiff: Elaine Hernandez<br>N.D. Tex. Case No. 3:24-cv-00840 | Patrick Yarborough<br>FOSTER YARBOROUGH PLLC<br>917 Franklin Street,<br>Suite 220 Houston, TX 77002<br>(713) 331-5254<br>(713) 513-5202 (fax)<br>patrick@fosteryarborough.com<br><br>Counsel for Plaintiff: C. Mario Jaramillo<br>N.D. Tex. Case No. 3:24-cv-00761 |
| Jean S. Martin<br>Francesca K. Burne<br>MORGAN & MORGAN COMPLEX<br>LITIGATION GROUP | Debbie Branscum<br>LAW OFFICE OF DEBBIE BRANSCUM P.O.<br>Box 394<br>Bedford, TX 76095-0394 |

| | |
|---|---|
| 201 N. Franklyn Street, 7th Floor<br>Tampa, FL 33602<br>(813) 223-5505<br>(813) 222-2434 (fax)<br>jeanmartin@forthepeople.com<br>fburne@forthepeople.com<br><br>Counsel for Plaintiff: Patricia Dean<br>N.D. Tex. Case No. 3:24-cv-00776 | (214) 206- 1975<br>(214) 432-0130 (fax)<br>dbranscum@tx.rr.com<br><br>Counsel for Plaintiff: Rachel Collier<br>N.D. Tex. Case No. 3:24-cv-00782 |
| Mason A. Barney<br>Tyler J. Bean<br>SIRI & GLIMSTAD LLP<br>745 Fifth Avenue, Suite 500<br>New York, NY 10151<br>(212) 532-1091<br> mbarney@sirillp.com<br>tbean@sirillp.com<br><br>Counsel for Plaintiffs: Richard Slovenkay and Wesley Hansen<br>N.D. Tex. Case No. 3:24-cv-00774 | Andrew J. Shamis<br>SHAMIS & GENTILE P.A.<br>14 NE 1st Ave., Suite 705<br>Miami, FL 33132<br>(305) 479- 2299<br>ashamis@shamisgentile.com<br><br>Counsel for Plaintiff: Michael Lovetro<br>N.D. Tex. Case No. 3:24-cv-00783 |
| Ronald W. Armstrong, II<br>THE ARMSTRONG FIRM, PLLC<br>109 Yoalana St., Suite 210<br>Boerne, TX 78006<br>(210) 277-0542<br>(210) 277-0548 (fax)<br>rwaii@tafpllc.com<br><br>Counsel for Plaintiff: Rachel Collier<br>N.D. Tex. Case No. 3:24-cv-00782 | Jeffrey S. Goldenberg<br>GOLDENBERG SCHNEIDER, LPA<br>4445 Lake Forest Drive,<br>Suite 490<br>Cincinnati, OH 45242<br>(513) 345-8291<br>jgoldenberg@gs-legal.com<br><br>Counsel for Plaintiff: Aurora Rosario<br>N.D. Tex. Case No. 3:24-cv-00793<br><br>Counsel for Plaintiff: Brian Patterson<br>N.D. Tex. Case No. 3:24-cv-00875 |
| Scott Edward Cole, Esq.<br>COLE & VAN NOTE<br>555 12th Street, Suite 2100<br>Oakland, CA 94607<br>(510) 891-9800<br>(510) 891-7030 (fax)<br>sec@colevannote.com<br><br>Counsel for Plaintiff: Rachel Collier<br>N.D. Tex. Case No. 3:24-cv-00782 | Ryan J. Clarkson<br>Yana Hart<br>Tiara Avaness<br>CLARKSON LAW FIRM, P.C.<br>22525 Pacific Coast Highway<br>Malibu, CA 90265<br>(213) 788-0450<br>rclarkson@clarksonlawfirm.com<br>yhart@clarksonlawfirm.com<br>tavaness@clarksonlawfirm.com<br><br>Counsel for Plaintiff: Ryan Aquino<br>N.D. Tex. Case No. 3:24-cv-00802 |

| | |
|---|---|
| Nathan D. Prosser<br>HELLMUTH & JOHNSON PLLC<br>8050 West 78th Street<br>Edina, MN 55439<br>(952) 746- 2124<br>nprosser@hjlawfirm.com<br><br>Counsel for Plaintiff: Alison Williamson<br>N.D. Tex. Case No. 3:24-cv-00790 | Lynn A. Toops<br>Amina A. Thomas<br>COHEN & MALAD, LLP<br>One Indiana Square, Suite 1400<br>Indianapolis, IN 46204<br>(317) 636-6481<br>ltoops@cohenandmalad.com<br>athomas@cohenandmalad.com<br><br>Counsel for Plaintiffs: Dan Hearon, Geri Sherwood and Kylin Smith<br>N.D. Tex. Case No. 3:24-cv-00818 |
| Charles E. Schaffer<br>LEVIN SEDRAN & BERMAN<br>510 Walnut Street, Suite 500<br>Philadelphia, PA 19106<br>(215) 592-1500<br>cschaffer@lfsblaw.com<br><br>Counsel for Plaintiff: Aurora Rosario<br>N.D. Tex. Case No. 3:24-cv-00793<br><br>Counsel for Plaintiff: Brian Patterson<br>N.D. Tex. Case No. 3:24-cv-00875 | Kevin Laukaitis<br>LAUKAITIS LAW LLC<br>954 Avenida Ponce De Leon<br>Suite 205, #10518<br>San Juan, PR 00907<br>(215) 789-4462<br>klaukaitis@laukaitislaw.com<br><br>Counsel for Plaintiff: Gerald Foley<br>N.D. Tex. Case No. 3:24-cv-00819 |
| John G. Emerson<br>EMERSON FIRM, PLLC<br>2500 Wilcrest, Suite 300<br>Houston, TX 77042<br>(800) 551-8649<br>(501) 286-4659 (fax)<br>jemerson@jemersonfirm.com<br><br>Counsel for Plaintiffs: Joseph Casey and Raquel Agee<br>N.D. Tex. Case No. 3:24-cv-00803 | William "Billy" Peerce Howard<br>Amanda J. Allen<br>THE CONSUMER PROTECTION FIRM 401 East Jackson Street, Suite 2340<br>Tampa, FL 33602<br>(813) 500-1500<br>Billy@TheConsumerProtectionFirm.com<br>Amanda@TheConsumerProtectionFirm.com<br><br>Counsel for Plaintiff: Paola Williams<br>N.D. Tex. Case No. 3:24-cv-00835 |
| Michael R. Reese<br>REESE LLP<br>100 West 93rd Street, 16th Floor New York, NY 10025<br>(212) 643-0500<br>(212) 253-4272 (fax)<br>mreese@reesellp.com<br><br>Counsel for Plaintiff: Gerald Foley<br>N.D. Tex. Case No. 3:24-cv-00819 | Norman E. Siegel<br>J. Austin Moore<br>Stefon J. David<br>STUEVE SIEGEL HANSON LLP 460 Nichols Road, Suite 200 Kansas City, MO 64112<br>(816) 714-7100<br>siegel@stuevesiegel.com<br>moore@stuevesiegel.com<br>david@stuevesiegel.com<br><br>Counsel for Plaintiffs: Ryan Unruh and Christopher Isbell |

| | N.D. Ga. Case No. 1:24-cv-01414 |
|---|---|
| Larry A. Golston, Jr.<br>Leon Hampton<br>Jessi Haynes<br>BEASLEY, ALLEN, CROW, METHVIN, PORTIS & MILES, P.C.<br>Post Office Box 4160<br>Montgomery, AL 36103-4160<br>(334) 269-2343<br>(334) 954-7555 (fax)<br>larry.golston@beasleyallen.com<br>leon.hampton@beasleyallen.com<br>jessi.haynes@beasleyallen.com<br><br>Counsel for Plaintiff: Gerald Foley<br>N.D. Tex. Case No. 3:24-cv-00819 | Douglas J. McNamara<br>COHEN MILSTEIN SELLERS & TOLL PLLC<br>1100 New York Ave. NW,<br>Fifth Floor<br>Washington, D.C. 20005<br>(202) 408-4651<br>dmcnamara@cohenmilstein.com<br><br>Counsel for Plaintiffs: Ryan Unruh and Christopher Isbell<br>N.D. Ga. Case No. 1:24-cv-01414 |
| Roy E. Barnes<br>J. Cameron Tribble<br>BARNES LAW GROUP, LLC<br>31 Atlanta Street<br>Marietta, GA 30060<br>(770) 227-6375<br>roy@barneslawgroup.com<br>ctribble@barneslawgroup.com<br><br>Counsel for Plaintiffs: Ryan Unruh and Christopher Isbell<br>N.D. Ga. Case No. 1:24-cv-01414<br><br>Counsel for Plaintiff: Terri Lynn Hodge<br>N.D. Ga. Case No. 1:24-cv-01475 | Cari Campen Laufenberg<br>KELLER ROHRBACK L.L.P.<br>1201 Third Avenue, Suite 3200<br>Seattle, WA 98101-3052<br>(206) 623-1900<br>(206) 623-3384 (fax)<br>claufenberg@kellerrohrback.com<br><br>Counsel for Plaintiffs: Nella Citino and Daniel Mizell<br>N.D. Tex. Case No. 3:24-cv-00843 |
| Amy E. Keller<br>DICELLO LEVITT LLP<br>Ten North Dearborn Street,<br>Sixth Floor Chicago, IL 60602<br>(312) 214-7900<br>akeller@dicellolevitt.com<br><br>Counsel for Plaintiffs: Ryan Unruh and Christopher Isbell<br>N.D. Ga. Case No. 1:24-cv-01414 | M. Anderson Berry<br>Gregory Haroutunian<br>Brandon P. Jack<br>CLAYEO C. ARNOLD<br>A PROFESSIONAL CORPORATION<br>865 Howe Avenue<br>Sacramento, CA 95825<br>(916) 239-4778<br>(916) 924-1829 (fax)<br>aberry@justice4you.com<br>gharoutunian@justice4you.com<br>bjack@justice4you.com<br><br>Counsel for Plaintiff: Elaine Hernandez<br>N.D. Tex. Case No. 3:24-cv-00840 |

| | |
|---|---|
| Maureen M. Brady<br>Lucy McShane<br>MCSHANE & BRADY, LLC<br>1656 Washington Street, Suite 120<br>Kansas City, MO 64108<br>(816) 888-8010<br>(816) 332-6295 (fax)<br>mbrady@mcshanebradylaw.com<br>lmcshane@mcshanebrady.com<br><br>Counsel for Plaintiffs: Stephanie Doss, Bethany Miller and Aimee Jarvis<br>W.D. Mo. Case No. 4:24-cv-00234 | Douglas A. Millen<br>Nicholas R. Lange<br>FREED KANNER LONDON & MILLEN LLC<br>100 Tri-State International Drive, Suite 128<br>Lincolnshire, IL 60629<br>(224) 632-4500<br>nlange@fklmlaw.com<br>dmillen@fklmlaw.com<br><br>Counsel for Plaintiff: Brandon Huyler<br>N.D. Tex. Case No. 3:24-cv-00847 |
| Christopher L. Springer<br>KELLER ROHRBACK L.L.P.<br>801 Garden Street, Suite 301<br>Santa Barbara, CA 93101<br>(805) 456-1496<br>(805) 456-1497 (fax)<br>cspringer@kellerrohrback.com<br><br>Counsel for Plaintiffs: Nella Citino and Daniel Mizell<br>N.D. Tex. Case No. 3:24-cv-00843 | Michael K. Hurst<br>Rebecca L. Adams<br>Yaman Dasai<br>Jessica D. Cox<br>LYNN PINKER HURST & SCHWEGMANN, LLP<br>2100 Ross Avenue, Suite 2700<br>Dallas, TX 75201<br>(214) 981-3800<br>(214) 981-3839 (fax)<br>mhurst@lynnllp.com<br>radams@lynnllp.com<br>ydesai@lynnllp.com<br>jcox@lynnllp.com<br><br>Counsel for Plaintiff: Jennifer Turner<br>N.D. Tex. Case No. 3:24-cv-00864 |
| Johnathan M. Jagher<br>FREED KANNER LONDON & MILLEN LLC<br>923 Fayette Street<br>Conshohocken, PA 19428<br>(610) 234-6486<br>jjagher@fklmlaw.com<br><br>Counsel for Plaintiff: Brandon Huyler<br>N.D. Tex. Case No. 3:24-cv-00847 | Laurence D. King<br>Matthew B. George<br>Blair E. Reed<br>Clarissa R. Olivares<br>KAPLAN FOX & KILSHEIMER LLP 1999 Harrison Street, Suite 1560 Oakland, CA 94612<br>(415) 772-4700<br>(415) 772-4707 (fax)<br>lking@kaplanfox.com<br>mgeorge@kaplanfox.com<br>breed@kaplanfox.com<br>colivares@kaplanfox.com<br><br>Counsel for Plaintiff: Jennifer Turner<br>N.D. Tex. Case No. 3:24-cv-00864 |

| | |
|---|---|
| David M. Berger<br>Linda P. Lam<br>GIBBS LAW GROUP LLP<br>1111 Broadway, Suite 2100<br>Oakland, CA 94607<br>(510) 350-9700<br>dmb@classlawgroup.com<br>lpl@classlawgroup.com<br><br>Counsel for Plaintiff: Terri Lynn Hodge<br>N.D. Ga. Case No. 1:24-cv-01475 | Julie Pettit<br>THE PETTIT LAW FIRM<br>2101 Cedar Springs, Suite 1540<br>Dallas, TX 75201<br>(214) 329-0151<br>(214) 329-4076 (fax)<br>jpettit@pettitfirm.com<br><br>Counsel for Plaintiff: Jennifer Turner<br>N.D. Tex. Case No. 3:24-cv-00864 |
| Todd S. Garber<br>Andrew C. White<br>FINKELSTEIN, BLANKENSHIP, FREI-<br>PEARSON & GARBER LLP<br>One North Broadway, Suite 900<br>White Plains, NY 10601<br>(914) 298-3281<br>tgarber@fbfglaw.com<br>awhite@fbfglaw.com<br><br>Counsel for Plaintiff: Ahmed Abdellatif<br>N.D. Tex. Case No. 3:24-cv-00876 | Sabita J. Soneji<br>TYCKO AND ZAVAREEI LLP<br>1970 Broadway, Suite 1070<br>Oakland, CA 94612<br>(510) 254-6808<br>ssoneji@tzlegal.com<br><br>Counsel for Plaintiff: Cameron King<br>N.D. Tex. Case No. 3:24-cv-00867 |
| James M. Evangelista<br>EVANGELISTA WORLEY LLC<br>10 Glenlake Parkway, Suite 130<br>Atlanta, GA 30328<br>(404) 205-8400<br>jim@ewlawllc.com<br><br>Counsel for Plaintiff: Aquelia Walker<br>E.D. Cal. Case No. 1:24-cv-00438 | Jeffrey K. Brown<br>Michael A. Tompkins<br>Brett R. Cohen<br>LEEDS BROWN LAW, P.C.<br>One Old Country Road, Suite 347<br>Carle Place, NY 11514-1851<br>(516) 873-9550<br>jbrown@leedsbrownlaw.com<br>mtompkins@leedsbrownlaw.com<br>bcohen@leedsbrownlaw.com<br><br>Counsel for Plaintiff: Brian Patterson<br>N.D. Tex. Case No. 3:24-cv-00875 |
| Elizabeth A. Fegan<br>Megan E. Shannon<br>FEGAN SCOTT LLC<br>150 S. Wacker Drive,<br>24th Floor<br>Chicago, IL 60606<br>(312) 741-1019<br>(312) 264-0100 (fax)<br>beth@feganscott.com<br>megan@feganscott.com | Ann Jernow<br>Jennifer Czeisler<br>Edward Ciolko<br>STERLINGTON, PLLC<br>One World Trade Center,<br>85th Floor New York, NY 10007<br>(516) 457-9571<br>ann.jernow@sterlingtonlaw.com<br>jen.czeisler@sterlingtonlaw.com<br>edward.ciolko@sterlingtonlaw.com |

| | |
|---|---|
| Counsel for Plaintiff: Rah-Nita Boykin<br>N.D. Ill. Case No. 1:24-cv-02973 | Counsel for Plaintiff: Aquelia Walker<br>E.D. Cal. Case No. 1:24-cv-00438 |
| Daniel E. Gustafson<br>David A. Goodwin<br>Daniel C. Hedlund<br>Frances Mahoney-Mosedale<br>GUSTAFSON GLUEK PLLC<br>120 South Sixth Street #2600<br>Minneapolis, MN 55402<br>(612) 333-8844<br>dgustafson@gustafsongluek.com<br>dhedlund@gustafsongluek.com<br>dgoodwin@gustafsongluek.com<br>francesmahoneymosedale@gustafsongluek.com<br><br>Counsel for Plaintiff: Laura Schuster<br>N.D. Tex. Case No. 3:24-cv-00922 | Warren T. Burns<br>Daniel H. Charest<br>Hannah M. Crowe<br>BURNS CHAREST LLP<br>900 Jackson Street, Suite 900<br>Dallas, Texas 75202<br>(469) 904-4550<br>wburns@burnscharest.com<br>dcharest@burnscharest.com<br>hcrowe@burnscharest.com<br><br>Counsel for Plaintiff: Laura Schuster<br>N.D. Tex. Case No. 3:24-cv-00922 |
| Korey A. Nelson<br>BURNS CHAREST LLP<br>365 Canal Street, Suite 1170<br>New Orleans, Louisiana 70130<br>(504) 799-2845<br>knelson@burnscharest.com<br><br>Counsel for Plaintiff: Laura Schuster<br>N.D. Tex. Case No. 3:24-cv-00922 | Kyle Pozan<br>Karen Hanson Riebel<br>Kate M. Baxter-Kauf<br>Emma Ritter Gordon<br>LOCKRIDGE GRINDAL NAUEN PLLP<br>100 Washington Avenue S.,<br>Suite 2200 Minneapolis, MN 55401<br>(612) 339-6900<br>kjpozan@locklaw.com<br>khriebel@locklaw.com<br>kmbaxter-kauf@locklaw.com<br>erittergordon@locklaw.com<br><br>Counsel for Plaintiff: Zachary Chernik<br>N.D. Ill. Case No. 1:24-cv-03054 |
| MaryBeth V. Gibson<br>GIBSON CONSUMER LAW GROUP, LLC<br>4729 Roswell Road,<br>Suite 208-108<br>Atlanta, GA 30342<br>(678) 642-2503<br>marybeth@gibsonconsumerlawgroup.com<br><br>Counsel for Plaintiffs: Kenneth Hasson and Chad Graddy<br>N.D. Ga. Case No. 1:24-cv-01580<br><br>Counsel for Plaintiff: Zachary Chernik<br>N.D. Ill. Case No. 1:24-cv-03054 | Thomas W. Pirtle<br>Buffy K. Martines<br>LAMINACK, PIRTLE & MARTINES<br>5020 Montrose Boulevard, 9th Floor<br>Houston, Texas 77006<br>(713) 292-2750<br>(713) 292-2755 (fax)<br>tomp@lpm-triallaw.com<br>buffym@lpm-triallaw.com<br><br>Counsel for Plaintiff: Daphne Kansas Carrasco<br>E.D. Tex. Case No. 4:24-cv-00305 |

| | |
|---|---|
| Christopher L. Ayers<br>Jennifer R. Scullion<br>Justin M. Smigelsky<br>SEEGER WEISS LLP<br>55 Challenger Road, 6th Floor<br>Ridgefield Park, New Jersey 07660<br>(973) 639-9100<br>(973) 639-9393 (fax)<br>jscullion@seegerweiss.com<br>cayers@seegerweiss.com<br>jsmigelsky@seegerweiss.com<br><br>Counsel for Plaintiff: Daphne Kansas Carrasco<br>E.D. Tex. Case No. 4:24-cv-00305 | James E. Cecchi<br>CARELLA, BYRNE, CECCHI, OLSTEIN,<br>BRODY & AGNELLO, P.C.<br>5 Becker Farm Road<br>Roseland, New Jersey 07068<br>(973) 994-1700<br>(973) 994-1744 (fax)<br>jcecchi@carellabyrne.com<br><br>Counsel for Plaintiff: Daphne Kansas Carrasco<br>E.D. Tex. Case No. 4:24-cv-00305 |
| C. Shawn Cleveland<br>BAKER & HOSTETLER LLP<br>2850 North Harwood Street, Suite 1100<br>Dallas, Texas 75201<br>(214) 210-1210<br>scleveland@bakerlaw.com<br><br>Counsel for Defendant AT&T, Inc. | Gilbert S. Keteltas<br>BAKER & HOSTETLER LLP<br>1050 Connecticut Ave, NW,<br>Suite 1100 Washington, D.C. 20036<br>(202) 861-1530<br>gketeltas@bakerlaw.com<br><br>Counsel for Defendant AT&T, Inc. and AT&T<br>Mobility LLC |
| Daniel E. Bryan, III<br>Maxwell G. West<br>HORNBEEK VITALI & BRAUM PLLC<br>3711 N. Classen Blvd.<br>Oklahoma City, Oklahoma 73118<br>(405) 236-8600<br>(405) 236-8602<br>bryan@hvblaw.com<br>west@hvblaw.com<br><br>Counsel for AT&T, Inc.<br>W.D. Okla. Case No. 5:24-cv-00324 (Only) | Krysta Kauble Pachman<br>Michael Gervais<br>SUSMAN GODFREY LLP<br>1900 Avenue of the Stars,<br>Suite 1400<br>Los Angeles, California 90067-6029<br>(310) 789-3100<br>(310) 789-3150<br>kpachman@susmangodfrey.com<br>mgervais@susmangodfrey.com<br><br>Counsel for Plaintiffs: Randall McGee and Phil<br>Eisen<br>N.D. Tex. Case No. 3:24-cv-00954-D |
| Shawn J. Rabin<br>SUSMAN GODFREY LLP<br>One Manhattan West, 50th Floor<br>New York, New York 10001<br>(212) 336-8830<br>(212) 336-8340<br>srabin@susmangodfrey.com<br><br>Counsel for Plaintiffs: Randall McGee and Phil<br>Eisen | Stephen R. Basser<br>BARRACK RODOS & BACINE<br>600 West Broadway, Suite 900<br>San Diego, CA 92101<br>Telephone: (619) 230-0800<br>Facsimile: (619) 230-1874<br>sbasser@barrack.com<br><br>Counsel for Plaintiffs: Joseph Casey and Raquel<br>Agee |

| N.D. Tex. Case No. 3:24-cv-00954-D | N.D. Tex. Case No. 3:24-cv-00803 |
|---|---|

| **SERVED VIA FIRST CLASS U.S. MAIL TO:** | |
|---|---|
| Clerk of Court,<br>Northern District of Texas Dallas Division<br>United States District Court<br>1100 Commerce Street, Room 1452<br>Dallas, TX 75242 | Clerk of Court,<br>Western District of Oklahoma<br>United States District Court<br>200 NW 4th Street<br>Oklahoma City, OK 73102 |
| Clerk of Court,<br>Northern District of Georgia Atlanta Division<br>Richard B. Russell Federal Building<br>2211 United States Courthouse<br>75 Ted Turner Drive, SW<br>Atlanta, GA 30303-3309 | Clerk of Court,<br>Western District of Missouri Kansas City –<br>Western Division<br>Charles Evans Whittaker U.S. Courthouse<br>400 E. 9th Street<br>Kansas City, MO 64106 |
| Clerk of Court,<br>Eastern District of California Fresno Division<br>Robert E. Coyle United States Courthouse<br>2500 Tulare Street<br>Fresno, CA 93721 | Clerk of Court,<br>Northern District of Illinois Eastern Division<br>Dirksen U.S. Courthouse<br>219 S. Dearborn Street<br>Chicago, IL 60604 |
| Clerk of Court,<br>Eastern District of Texas Sherman Division<br>United States District Court<br>Paul Brown United States Courthouse<br>101 East Pecan Street, Room 216<br>Sherman, TX 75090 | |

Date: April 25, 2024

/s/ Kennedy M. Brian
Kennedy M. Brian