**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE AT&T DATA BREACH LITIGATION** | **MDL No. 3114** |

**PLAINTIFFS CUMO AND ALSTON'S RESPONSE IN SUPPORT OF TRANSFER AND
CONSOLIDATION OF ALL ACTIONS AGAINST DEFENDANT AT&T, INC.**

## I.      INTRODUCTION

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Jeffrey Cumo and Tiara Alston ("Plaintiffs"), hereby respond in support of Plaintiff Alex Petroski's ("Petroski") Motion to Transfer Related Cases for Consolidated Pretrial Proceedings Pursuant to 28 U.S.C. § 1407. All Related Actions involve one or more common questions of fact and will involve common legal theories. At the core of each case are allegations of Defendant AT&T, Inc.'s ("AT&T" or "Defendant") negligence on the part of Defendant in safeguarding Plaintiffs and Putative Class Members' sensitive and confidential personally identifiable information ("PII"). This negligence resulted in a massive security breach that has adversely impacted millions of consumers nationwide (the "Data Breach").

Plaintiffs submit that transfer and coordination of the related actions meets the relevant factors pursuant to 28 U.S.C. § 1407, and that the Northern District of Texas, Dallas Division is the most appropriate and convenient forum.

## II.      BACKGROUND

There are currently more than forty actions (the "Related Actions") pending in seven judicial district courts in the following states relating to the AT&T Data Breach: California, Georgia, Illinois, Missouri, Oklahoma, and Texas. Thirty-two of the cases are pending in the

1

Northern District of Texas; four in the Northern District of Georgia; two in the Northern District of Illinois; one in the Eastern District of Texas; one in the Western District of Oklahoma; one in the Western District of Missouri; one in the Northern District of California; and one in the Eastern District of California. AT&T is a defendant in all of these actions, and no dispositive motion practice or discovery has occurred in any Action. The transfer of these Related Actions will promote their just and efficient prosecution and serve the convenience of the parties and witnesses. *See* 28 U.S.C. § 1407. Central to each case is a massive Data Breach of AT&T's network, resulting in 73 million consumers' PII being stolen and published on the dark web.

Given the extensive overlap in factual allegations, the plaintiffs in each case will seek overlapping discovery relating to AT&T's data security, the vulnerabilities in its data security, AT&T's knowledge and disclosure of the Data Breach, and the PII involved in the Breach. All Action implicate the same core nucleus of facts resulting in the exposure and publication of the sensitive PII of millions of individuals whose data was entered and stored in AT&T network systems. Centralization will minimize the burden of discovery on all parties and ensure that the parties do not face competing and inconsistent rulings and discovery obligations.

The Related Actions are all class actions with overlapping classes and overlapping legal claims commonly sounding in negligence, breach of contract, invasion of privacy, and unjust enrichment. Beyond discovery, motion practice in each of the cases filed to date would require seven courts to evaluate and rule on the same common issues when addressing and ruling upon dispositive motions and class certification. Absent centralization, there will be a race in all the Related Actions, each of which will be pressed to decide overlapping common issues, inefficiencies, burdens, and inconsistent procedural and substantive ruling will ensue. Therefore, centralization is the best option to spare these different courts and the parties from duplicative

motion practice involving the same common issues and defenses, as well as potentially inconsistent rulings.

### III.     STANDARD

Section 1407(a) of the United States Code provides for the transfer and consolidation of related civil actions where the related actions contain "one or more common questions of fact," the centralization will "be for the convenience of parties and witnesses," and the coordination will "promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).   In making the determination of whether transfer is appropriate, the Panel has also consistently looked at a number of efficiency factors:  *See, e.g.*, *In re Starmed Health Pers. FLSA Litig.*, 317 F.Supp.2d 1380, 1381 (J.P.M.L. 2004) (whether transfer will reduce the risk of duplication of efforts); *see also*, *In re Sugar Indus. Antitrust Litig.*, 395 F. Supp. 1271, 1273 (J.P.M.L. 1975) (whether centralization will avoid inconsistent rulings).

### IV.     ARGUMENT

#### A.  <u>Coordination Pursuant to 28 U.S.C. § 1407 Is Appropriate Because the Pending Actions Involve Common Questions of Fact.</u>

28 U.S.C. § 1407 authorizes this Panel to transfer and consolidate two or more civil cases for coordinated pretrial proceedings upon the determination that (i) they "involve[e] one or more common questions of fact," (ii) transfer will further "the convenience of parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). The principal goals of 28 U.S.C. § 1407 are to avoid duplicative discovery, prevent inconsistent or repetitive rulings, promote efficient management of litigation, and conserve the resources of the parties, counsel, and the courts. *See* MANUAL FOR COMPLEX LITIGATION § 22.33 (4th ed. 2004). "Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and

conserve the resources of the parties, their counsel and the judiciary." *In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2022). This Panel has previously transferred and centralized a number of cases involving data breaches similar to this Data Breach. *See In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023); *In re KeyBank Customer Data Sec. Breach Litig.*, 2023 WL 1811824 (J.P.M.L. 2023); *In re Samsung Customer Data Security Breach Litig.*, 2023 WL 1811247 (J.P.M.L. 2023); *In re MOVEit Customer Data Sec. Breach Litig.*, No. MDL 3083, 2023 WL 6456749 (J.P.M.L. 2023); *See also In re Perry Johnson & Associates Medical Transcription Data Sec. Breach Litig.*, MDL No. 3096 (J.P.M.L. 2024).

The related actions before the Panel all allege that Defendant's lax data security practices violate either common law or state data privacy laws, or both. The Defendant is the same in each of the related actions. And the complaints in the related actions allege several common questions of fact concerning whether Defendant's failure to safeguard Plaintiffs and Putative Class Members' PII violated state common laws, breached contracts with various entities who entrusted it with PII, and the propriety of certification under Fed. R. Civ. P. Rule 23. These commonalities of fact and law render the related actions appropriate for coordination in the same federal district court before one judge. *In re Air West, Inc. Securities Litig.*, 384 F. Supp. 609, 611 (J.P.M.L. 1974); *In re Washington Pub. Power Supply Sys. Securities Litig.*, 568 F. Supp. 1250, 1251 (J.P.M.L. 1983).

**B.  Coordination Pursuant to 28 U.S.C. § 1407 Would Inure the Convenience of the Parties and Witnesses and Promote the Just and Efficient Conduct of the Related Actions.**

Consolidating the Related Actions satisfies the second requirement of Section 1407 because it will serve the convenience of the parties and witnesses. Discovery will likely entail millions of pages of documents, and discovery will require extensive travelling for hearings and

4

depositions. Consolidation in one Court will advance the efforts of both parties to develop and execute a discovery plan that allows for a more efficient and reliable document production and a deposition schedule that will conserve resources of both parties. *Polychloroprene Rubber Antitrust Litig.*, 360 F.Supp.2d 1348, 1351 (J.P.M.L. 2005) (coordination is necessary to conserve the parties' resources).

Transfer and coordination are also necessary to avoid duplication of both the courts and parties' efforts. *See In re MOVEit Customer Data Security Breach Litig.*, No. MDL 3083, 2023 WL 6456749 (J.P.M.L.); *see also In re Zyprexa Prods. Liab. Litig.,* 314 F.Supp.2d 1380, 1381 (J.P.M.L. 2004). Litigating these actions separately would give rise to duplicative discovery, briefing, and hearings. Litigating separately would also give rise to judicial inefficiency as the Courts would be forced to consider the same discovery issues, evidentiary questions, and class certification questions, which could lead to inconsistencies in the rulings and significant delay in the process. Coordination on the other hand would create judicial efficiency and give rise to consistency and uniformity in the rulings for the benefit of all parties and the Courts. *In re Pharmacy Benefit Managers Antitrust Litig.*, 452 F.Supp.2d 1352 (J.P.M.L. 2006); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1228 (J.P.M.L. 1978); *In re A.H. Robins Co. 'Dalkon Shield' IUD Prods. Liab. Litig.*, 406 F. Supp. 540, 542 (J.P.M.L. 1975). And this case will involve expert testimony, which further weighs in factor of centralization. *See In re Androgel Prod. Liab. Litig.*, 24 F.Supp.3d 1378, 1379 (J.P.M.L. 2014) (centralization of claims will reduce potentially costly expert discovery, facilitate the establishment of pretrial approach to these cases, reduce the potential for inconsistent rulings on such matters as *Daubert*, and conserve the resources of the parties, their counsel, and the judiciary).

**C.** **The Northern District of Texas (Dallas Division) is the Most Appropriate Transferee Forum.**

The Northern District of Texas is home to a majority of the pending actions in this litigation.  No other venue has more than four filed cases.  It is also home to the first filed case, *Petroski v. AT&T, Inc.*, No. 3:24-cv-00757. *See In re Genetch Herceptin (Trastuzumab) Mktg. & Sales Practices Litig.*, 178 F.Supp.3d 1374, 1376 (J.P.M.L. 2016) (transferring to district of first filed action).  Furthermore, the Northern District of Texas is the home of AT&T's headquarters and is likely where a significant portion of the alleged conduct occurred.

**1.   Centralization in Defendant's Resident State is the Most Convenient Forum.**

Defendant AT&T is headquartered in Dallas, Texas.  Plaintiff's Mot. to Trans. at 5.    As Petroski argues, "Texas is a convenient forum," and '[d]ocuments, relevant witnesses, and other evidence for discovery are all located in Texas . . . ." *Id.* Proximity to the primary defendant weighs heavily in favor of centralizing the litigation in the home state.  *See Id.* at 6.  *See also*, *In re Androgel Prod. Liab. Litig.*, 24 F.Supp.3d 1378 at 1380 (finding that the Northern District of Illinois was the appropriate transferee district as it provided a convenient and accessible forum for actions filed throughout the country regarding products sold worldwide, a significant number of cases were pending in the district, it was the location where the Defendant was based, and the presiding Judge had already taken steps to organize the litigation); *see also In re Toyota Motor Corp. Unintended Acceleration Mktg. & Sales Prods. Liability Litig.*, 704 F.Supp.2d 1379, 1381 (J.P.M.L. 2010).

**2.   The Northern District of Texas is the Most Convenient Forum.**

The Northern District of Texas is the most convenient forum as the vast majority of Related Actions – thirty-two out of the forty-three total Related Actions – are already pending there. Defendant AT&T is located in Dallas, Texas. Further, Dallas, Texas possesses an international

airline hub making travel to and from the Northern District of Texas easy and convenient. Additionally, the Northern District of Texas possesses all necessary resources and the subject matter experience that this litigation will require. Accordingly, the Northern District of Texas is an appropriate choice for transfer and consolidation.

## V.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Panel transfer the Related Actions and any subsequently filed cases raising similar claims to the Northern District of Texas for coordinated pretrial proceedings.

Dated: April 25, 2024                      Respectfully submitted,

*/s/ Joseph M. Lyon*
Joseph M. Lyon
**THE LYON FIRM**
2754 Erie Avenue
Cincinnati, OH 45208
Tel: (513) 381-2333
Fax: (513) 76609011
jlyon@thelyonfirm.com
*Attorney for Plaintiff Jeffrey Cumo and Tiara Alston*