BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE AT&T, INC., CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3114 |

RESPONSE OF PLAINTIFFS DAVID VITA, CHARLES FAIRCHILD, DANIEL MARISCAL, FAITH BROWN, JERYL LUCIANI, COURTNEY GARNER AND MICHAEL CRAIN IN SUPPORT OF MOTION FOR TRANSFER OF RELATED ACTIONS TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407

Pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs David Vita, Charles Fairchild, Daniel Mariscal and Faith Brown in the case styled *Vita et al. v. AT&T, Inc.*, United States District Court for the Northern District of California, Case No. 5:24-cv-02356, and Plaintiffs Jeryl Luciani, Courtney Garner and Michael Crain in the case styled *Garner et al. v. AT&T, Inc.*, United States District Court for the Northern District of Texas, Case No. 3:24-cv-00962, submit this Interested Party Response in support of Movant Alex Petroski's motion for centralization and transfer of Related Actions[1] to the Northern District of Texas. *See* ECF No. 2 ("Motion"). The Related Actions arise out of a Data Breach involving AT&T, Inc. ("AT&T"). Centralization and transfer to the Northern District of Texas for coordinated or consolidated pretrial proceedings is appropriate for the reasons described in the Motion and those set forth below.

**I.    The Related Actions Should Be Centralized Pursuant to 28 U.S.C. § 1407(a)**

Neither the Movant, nor any Respondent before the Panel suggest that the Related Actions *should not be centralized*. Section 1407 permits transfer and centralization of cases that are pending in different districts if the cases "involve one or more common questions of fact" and the Panel determines that transfer and centralization will further "the convenience of parties

---

[1] "Related Actions" refers to those actions identified in Amended Schedule of Actions with the Motion (ECF No. 2-1) and all subsequent tag-along actions.

1

and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a).  The aim of section 1407 is to "eliminate duplication in discovery, avoid conflicting rules and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." *Gelboim v. Bank of America Corp.*, 574 U.S. 405, 410 (2015) (quoting Manual for Complex Litigation § 20.131 (4th ed. 2004)).  Transfer of the Related Actions for consolidated or coordinated pretrial proceedings will advance section 1407's underlying objectives.

II.     **The Northern District of Texas Is the Most Appropriate Forum**

When determining the most appropriate transferee forum, the Panel considers, among other factors, the location of a primary defendant's headquarters, the relative number of cases pending in each jurisdiction, whether the district is in a geographically central and accessible metropolitan location, and the experience and capacity of the judges in the district proposed. *See, e.g.*, *In re MOVEit Customer Data Sec. Breach Litig.*, 2023 WL 6456749, at *3 (transferring to district where primary defendant was headquartered); *In re Erie COVID-19 Bus. Interruption Prot. Ins. Litig.*, No. MDL 2969, 2020 WL 7384529, at *3 (J.P.M.L. Dec. 15, 2020) (transferring to forum that was "the clear center of gravity for this litigation," in large part because of the "sizeable number of actions" pending there); *In re Local TV Advert. Antitrust Litig.*, 338 F. Supp. 3d 1341, 1343 (J.P.M.L. 2018) (noting that transferee district "provides a geographically central and convenient location for the parties and witnesses").

Here, the Northern District of Texas is the most appropriate and convenient venue for transfer and centralization of the Related Actions and any tag-along actions for several reasons.  First, AT&T is headquartered in Dallas, Texas, within the Northern District of Texas.  Relevant witnesses, databases, documents, and other evidence are likely located there, as AT&T has acknowledged. *See* Dkt. Nos. 66 at 2; 93 at 2-3.  Second, the Northern District of Texas is the center of gravity of this litigation, with the vast majority of the Related Actions (at least 33 of 46 at the time of filing of this Interested Party Response) pending there.  Third, the Northern District of Texas is easily accessible, with two major commercial airports (Dallas Forth Worth Airport

2

and Dallas Love Field Airport) located just miles from the U.S. Courthouse in Dallas. Finally, as fully explained in the Petrosky Reply in Further Support of the Motion For Transfer and Centralization (Dkt. No. 94) ("Petrosky Reply"), docket considerations strongly favor the Northern District of Texas over the other proposed venues. *See* Each of these factors weighs in favor of the Northern District of Texas.

### III.     The Other Fora Proposed Would Not Be Appropriate For This Litigation

For the reasons set forth in the Petrosky Reply, none of the other proposed transfer locations are preferable to the Northern District of Texas. The arguments made by Mr. Petrosky need not be repeated here, but it especially bears noting that there is no evidence to suggest that AT&T's operations in Georgia, which are predominantly the operations of AT&T's cellular telephone service, AT&T Mobility, play an important role in this case. Rather, this data breach affects AT&T customers across the broad spectrum of AT&T's telecommunication offerings, including landline service, internet service and television service. Many plaintiffs in this action, including plaintiffs in the *Vita* and *Garner* actions, did not have AT&T Mobility accounts, yet they were notified by AT&T that their PII was compromised in the AT&T Data Breach. As AT&T made clear in its argument to the Panel, "the Georgia proponents' conjecture that AT&T Mobility Customers comprise the majority of impacted individuals is wrong." Dkt. No. 93 at 1.

### IV.     Conclusion

For the reasons set forth above, Plaintiffs David Vita, Charles Fairchild, Daniel Mariscal and Faith Brown in the case styled *Vita et al. v. AT&T, Inc.*, and Plaintiffs Jeryl Luciani, Courtney Garner and Michael Crain in the case styled *Garner et al. v. AT&T, Inc.*, respectfully

/ / /

/ / /

/ / /

3

requests that the Panel transfer the Related Actions to the Northern District of Texas to be consolidated or coordinated for pretrial purposes.

Date: May 7, 2024

Respectfully submitted,

*/s/ Thomas E. Loeser*
Thomas E. Loeser
Karin B. Swope
**COTCHETT, PITRE & McCARTHY, LLP**
999 N. Northlake Way, Suite 215
Seattle, WA 98103
Tel: (206) 802-1272
Fax: (650) 697-0577
tloeser@cpmlegal.com.com
kswope@cpmlegal.com

Joseph W. Cotchett
Andrew F. Kirtley
Gia Jung
**COTCHETT, PITRE & McCARTHY, LLP**
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Fax: (650) 697-0577
Jcotchett@cpmlegal.com
akirtley@cpmlegal.com.com
Gjung@cpmlegal.com

Counsel for Plaintiffs David Vita, Charles Fairchild, Daniel Mariscal and Faith Brown in *Vita et al. v. AT&T, Inc.*, Case No. 5:24-cv-02356 (N.D. Cal.), and Plaintiffs Jeryl Luciani, Courtney Garner and Michael Crain in *Garner et al. v. AT&T, Inc.*, Case No. 3:24-cv-00962 (N.D. Tex.)