BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION | MDL Docket No. 3114 |

**PLAINTIFF BOYKIN'S INTERESTED PARTY RESPONSE FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS IN THE NORTHERN DISTRICT OF TEXAS (DALLAS), OR IN THE ALTERNATIVE, THE NORTHERN DISTRICT OF ILLINOIS UNDER 28 U.S.C. § 1407**

Plaintiff Rah-Nita Boykin[1] supports the transfer of the Related Actions to the Northern District of Texas and consolidation of the Related Actions for pretrial discovery and class certification purposes in the Northern District of Texas, or in the alternative the Northern District of Illinois.

**I.      The Related Actions should be Transferred under Section 1407.**

Plaintiff Boykin agrees that the Related Actions "involv[e] one or more common questions of fact," that transferring the cases would serve "the convenience of parties and witnesses," and that transferring the cases will "promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). Each of the Related Actions concerns alleged failures by Defendant AT&T resulting in a data breach affecting more than 73 million current and former AT&T customers. Because the Related Actions comprise overlapping putative nationwide classes, no efficiencies will be gained by litigating these claims in multiple forums.

---

[1] *Boykin v. AT&T, Inc.*, Case No. 1:24-cv-02973 (N.D. Ill.). Although Plaintiff filed her action in the Northern District of Illinois, she agrees that the Northern District of Texas is an appropriate venue considering the scale of the data breach and the parties involved. In the alternative, Plaintiff Boykin argues that the Northern District of Illinois would also be a convenient and efficient venue.

## II.     The Northern District of Texas is an Appropriate Transfer Venue.

Between the two main contenders for transfer of the Related Actions—the Northern District of Texas, or the Northern District of Georgia—the Northern District of Texas (Dallas), is plainly the more appropriate forum.

As highlighted in Plaintiff Petroski's Motion for Transfer and Centralization of Related Actions to the Northern District of Texas Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (Dkt. No. 1), and Defendant's Supplemental Response in Support of Transfer to and Centralization in the Northern District of Texas (Dallas) (Dkt. No. 93), AT&T's headquarters is located in the Northern District of Texas. As a result, key witnesses such as AT&T's Chief Information Security Officer are based in Dallas, and substantial portions of discovery will require information from Dallas-based employees or information systems. Dkt. No. 93-1 ¶¶ 7, 11. *See, e.g., In re Moveit Customer Data Sec. Breach Litig.*, MDL No. 3083, 2023 U.S. Dist. LEXIS 178596, at *10 (J.P.M.L. Oct. 4, 2023) (centralizing data breach action to the district in which defendant was headquartered and noting that "[r]elevant employees likely are based in this district, where potentially relevant databases, documents, witnesses, and other evidence also may be found.").

A group of Plaintiffs support centralization to the Northern District of Georgia on the basis that the data breach largely involves AT&T's Atlanta-based subsidiary, AT&T Mobility, which provides wireless cell service. However, Defendant's Supplemental Response in Support of Transfer to and Centralization in the Northern District of Texas (Dallas) (Dkt. No. 93) rebuts the Georgia Plaintiffs' position. Specifically, Defendant provided the declaration of Paula Phillips, Director—Legal Administrator of AT&T Services, Inc. attesting, in relevant part, that: (1) AT&T's investigation indicates less than 5% of potentially impacted customers are wireless

customers; (2) AT&T incident response is based in Dallas; and (3) relevant witnesses for AT&T are located in Dallas. Dkt. No. 93-1. While some evidence may be located outside of this District, the supplemental information provided by Defendant makes clear that much of the evidence subject to discovery will be found at AT&T's headquarters.

The Northern District of Texas is also an appropriate venue for efficient consolidation or coordination of the Related Actions because it is centrally located and has the capacity to oversee this litigation. First, Dallas, Texas's advantageous location means that attorneys and parties across the country can easily access relevant court hearings. Dallas' two large airports ensure convenient air travel regardless of where counsel for the parties reside. Second, the Northern District of Texas is equipped to handle this litigation. The majority of Related Actions have been filed in this District, making procedural coordination of these cases straightforward. Additionally, the Northern District of Texas has favorable docket considerations because judges in this District have average caseloads well under national averages.[2] Lastly, the District has capacity to administer an MDL because as of May 1, 2024, there are only two MDLs pending in the Northern District of Texas.[3]

These factors taken together with the location of Defendant's headquarters in Dallas weigh in favor of transfer and consolidation to the Northern District of Texas.

### III. In the Alternative, the Northern District of Illinois is an Appropriate Transfer Venue.

A suitable alternative to the Northern District of Texas, the Northern District of Illinois is also a convenient and readily accessible location for all counsel and witnesses given its central

---

[2] https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2023_0.pdf. (last accessed May 8, 2024).
[3] https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-May-1-2024.pdf (last accessed May 8, 2024).

location and large airports. Beyond location, the Northern District of Illinois is frequently selected for MDL proceedings and therefore judges and staff are familiar with the demands of overseeing a large complex proceeding. Notably, the Northern District of Illinois has a faster median time from filing to disposition compared to the Northern District of Texas.[4] While many AT&T employees and records may be located in Dallas, the distance is easily overcome through the use of Zoom or other telecommunications platforms in today's modern era of litigation.

The Northern District of Illinois would serve as an effective neutral ground for both Plaintiffs and AT&T, and therefore should be considered as an alternative to the Northern District of Texas.

### IV.   Conclusion

Plaintiff Boykin respectfully submits that this Panel should transfer the Related Actions for pretrial coordination or consolidation to the Northern District of Texas (Dallas), or in the alternative to the Northern District of Illinois.

Dated: May 9, 2024     By:   /s/ Megan E. Shannon

                                        Elizabeth A. Fegan
                                        Megan E. Shannon
                                        FEGAN SCOTT LLC
                                        150 S. Wacker Dr., 24th Floor
                                        Chicago, IL 60606
                                        Telephone: 312.741.1019
                                        Facsimile: 312.264.0100
                                        beth@feganscott.com
                                        megan@feganscott.com

---

[4] https://www.uscourts.gov/sites/default/files/fcms_na_distprofile1231.2023_0.pdf (last accessed May 8, 2024).