**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE: AT&T INC. CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL No. 3114 |

**SUPPLEMENTAL RESPONSE OF PLAINTIFFS RYAN UNRUH AND CHRISTOPHER ISBELL TO THEIR INTERESTED PARTY RESPONSE IN SUPPORT OF TRANSFER TO AND CENTRALIZATION IN THE NORTHERN DISTRICT OF GEORGIA**

In his original filing, Movant sought centralization in the Northern District of Texas based on the generalized claim that AT&T was headquartered in Dallas. (Dkt. No. 1). Given the lack of substance supporting centralization in the Northern District of Texas, and the dearth of publicly available information about the data breach, Plaintiffs Unruh and Isbell sought to engage AT&T to determine the location of the witnesses, victims, and the events giving rise to Plaintiffs' claims. Plaintiffs' counsel therefore met and conferred with AT&T's counsel on April 23, 2024, to ask whether there were any other facts AT&T could point to related to the data breach that would inform the appropriate venue for centralization under section 1407. AT&T's counsel declined to provide any information. Two days later, AT&T filed its response in support of centralization in the Northern District of Texas pointing to the same reason cited in the Motion—it is the location of AT&T's headquarters. (Dkt. No. 66). No other information relevant to the inquiry was cited.

Based on the thin record supporting centralization in the Northern District of Texas, Plaintiffs Unruh and Isbell filed their interested party response providing detailed information about the location of likely key witnesses including vital members of AT&T's cybersecurity team and pointed out that AT&T Mobility—the service provider for AT&T's largest customer base of customers—was based in Atlanta, in the Northern District of Georgia. (Dkt. No. 71). These facts were carefully presented and supported by publicly available information including AT&T's

securities filings, updated LinkedIn profiles, and AT&T's own website pointing to Atlanta as a central source of the evidence likely to be at issue in this case. In other words, compared to the threadbare information provided by AT&T in response to the data breach and submitted in support of centralization in the Northern District of Texas, Plaintiffs presented evidence that the "center of gravity" of the litigation was more likely to be in the Northern District of Georgia.

On May 2, 2024, AT&T sought leave to file a Supplemental Response in Support of Transfer to the Northern District of Texas. (Dkt. No. 93). Having offered no information either publicly, in its meet and confer with Plaintiffs' counsel, or in its original filing in support of centralization filed only a week earlier, AT&T belatedly came forward with *some* facts about the breach that purportedly respond to the "conjecture" offered by Plaintiffs in support of the Northern District of Georgia. But this selective information is vague and incomplete, and in any event does not detract from the objective evidence presented that the "center of gravity" of the breach is the Northern District of Georgia.

For example, AT&T focuses on the claim that its breach *response* is being directed from its headquarters in Dallas. But a company's post-breach reaction and remediation is typically a small part of the inquiry. More germane witnesses—like AT&T's Chief Technology Officer and Chief Data Officer who AT&T admits are in Atlanta—have knowledge of AT&T's cybersecurity practices before the breach, the types of data compromised in the breach, and vendor relationships that AT&T has (at least in part) blamed for the breach. More importantly, AT&T's supplement invites more questions about the breach itself, the answers to which would allow the Panel to make an informed decision about the "center of gravity" of this litigation. AT&T should therefore

respond to at least the following questions, which would provide information that is typically well known by the time the Panel determines an appropriate venue for centralization:[1]

- What does AT&T know about the source of its data placed on the Dark Web?

- What is AT&T's relationship with the breached entity that possessed that data, including any vendor AT&T believes is responsible for the breach?

- AT&T's response states that "less than 5% of potentially impacted customer accounts are wireless." Which AT&T customer accounts comprise the remaining 95%?

Not only should AT&T answer these questions, but Rule 6.1(f) requires AT&T promptly notify the Clerk of any development within its knowledge that could possibly moot this matter or further inform the Panel regarding the appropriate transferee venue. If, for example, AT&T is transparent about the source of the breach and it is a vendor or a subsidiary, such as AT&T Mobility or DirecTV, then the parties could facilitate 1404 transfer to that entity's location in lieu of an MDL. As it stands, AT&T has selectively provided information to the public, Plaintiffs' counsel, and this Panel that have left an incomplete record as to the appropriate transferee forum for this case. But based on the weight of the limited information before the Panel, the Panel should centralize these actions in the Northern District of Georgia.

## <u>CONCLUSION</u>

For the reasons provided in their Interested Party Response and as set forth above, Interested Parties Ryan Unruh and Christopher Isbell oppose the consolidation of all Related Actions to the Northern District of Texas and support centralization in the Northern District of Georgia.

---

[1] Plaintiffs Unruh and Isbell sought this information directly from AT&T, but AT&T responded that "AT&T does not believe it should have been put to the time and expense of an additional filing to address the Georgia proponents' speculation. We decline to provide the discovery you seek." *See* Ex. A. In other words, AT&T appears to be in possession of this information, but unwilling to provide it to the Panel.

Dated: May 20, 2024                         Respectfully Submitted,

                                             */s/Norman E. Siegel*
                                            Norman E. Siegel
                                            J. Austin Moore
                                            Stefon J. David
                                            **STUEVE SIEGEL HANSON LLP**
                                            460 Nichols Road, Suite 200
                                            Kansas City, Missouri 64112
                                            Tel: 816-714-7100
                                            siegel@stuevesiegel.com
                                            moore@stuevesiegel.com
                                            david@stuevesiegel.com

                                            Amy Keller
                                            Jessica Holmes
                                            **DICELLO LEVITT LLP**
                                            Ten North Dearborn Street, Sixth
                                            Floor
                                            Chicago, Illinois 60602
                                            Tel: 312-214-7900
                                            akeller@dicellolevitt.com
                                            jholmes@dicellolevitt.com

                                            Roy Barnes
                                            J. Cameron Tribble
                                            Georgia Bar No. 754759
                                            **BARNES LAW GROUP, LLC**
                                            31 Atlanta Street
                                            Marietta, GA 30060
                                            Tel: 770-227-6375
                                            roy@barneslawgroup.com
                                            ctribble@barneslawgroup.com

                                            *Counsel for Plaintiffs Ryan Unruh and
                                            Christopher Isbell*