BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: AT&T Inc. Customer Data Security Breach Litigation | MDL Docket No. 3114 |

**INTERESTED PARTY RESPONSE OF PLAINTIFFS MILDRED KINCHEN AND JAMES KINCHEN IN SUPPORT OF MOTION FOR TRANSFER AND CENTRALIZATION BUT IN OPPOSITION TO THE NORTHERN DISTRICT OF TEXAS AND IN FAVOR OF THE NORTHERN DISTRICT OF GEORGIA**

Interested Parties Mildred Kinchen and James Kinchen, Plaintiffs in *Kinchen, et al. v. AT&T Mobility LLC, et al.*, Case No. 3:24-cv-02451-AMO (N.D. Cal.) ("Plaintiffs"), pursuant to 28 U.S.C. § 1407 and Panel Rule 6.2(e), through their undersigned counsel, submit this response to Plaintiff Alex Petroski's Motion for Transfer and Centralization of Related Actions to the United States District Court for the Northern District of Texas ("Motion") (ECF No. 1).

While Plaintiffs support consolidation and centralization, Plaintiffs oppose transfer to the Northern District of Texas and respectfully submit that the MDL should be consolidated in the Northern District of Georgia. For reasons set forth in the Interested Party Response and Supplemental Response of Plaintiffs Ryan Unruh and Christopher Isbell (ECF No. 71; ECF No. 128), in addition to reasons set forth below, Plaintiffs Mildred and James Kinchen support consolidation and transfer of all Related Actions to the Northern District of Georgia.

**I.   The Related Actions Should be Centralized and Coordinated Under Section 1407**

Plaintiffs agree that the Related Actions are appropriate for transfer pursuant to 28 U.S.C. § 1407(a) because they "involv[e] one or more common questions of fact," that transferring the cases would serve "the convenience of parties and witnesses," and that transferring the cases will "promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). Each of the Related Actions concerns alleged failures by Defendants AT&T Inc. and AT&T Mobility LLC resulting in

a data breach affecting more than 73 million current and former AT&T customers. Because the Related Actions comprise overlapping putative nationwide classes, no efficiencies will be gained by litigating these claims in multiple fora. For these reasons, the Panel should consolidate and centralize the Related Actions and any tag-along actions in the Northern District of Georgia.

**II.     The Northern District of Georgia is the Most Appropriate Transferee Forum**

"[T]ransfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. §1407(a). Here, the Northern District of Georgia is the most appropriate venue because: (i) key witnesses and Defendant AT&T Mobility LLC are based in Atlanta, Georgia; (ii) it is a convenient forum; and (iii) the resources of the Court will promote the efficient conduct of this litigation.

**A.     Witnesses and AT&T Mobility LLC are Located in the Northern District of Georgia**

Whether named as a defendant or not, AT&T Mobility LLC will be central to this litigation and all Related Actions will require extensive discovery from Defendant AT&T Mobility LLC and AT&T employees based in Georgia. Such witnesses and documents will be necessary to probe how the AT&T security flaw originated, how AT&T first discovered the flaw, ascertain any steps it took or failed to take to remedy the flaw, and how and when it communicated with parent or intermediary entities—such as AT&T Inc. or AT&T Services, Inc.—about the security vulnerability. In fact, as AT&T acknowledges, its Chief Technology Officer and Chief Data Officer are based in Atlanta.

Plaintiff Alex Petroski's Reply in Further Support of the Motion for Transfer and Centralization of Related Actions to the Northern District of Texas Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings ("Petroski's Reply") (ECF No. 94) posits that AT&T

2

employees located in Atlanta do not have relevant information. However, to substantiate this assertion, Plaintiff Petroski's Reply relies on facts and figures derived from Defendant AT&T, Inc.'s Supplemental Response in Support of Transfer to and Centralization in the Northern District of Texas (Dallas) ("AT&T's Supplemental Response") (ECF No. 93) that do not address the heart of the matter—where persons most knowledgeable about the data breach are—but rather, both filings instead rely on selective assertions about AT&T and its post-breach response.

For example, Plaintiff Petroski's Reply states that "less than one third" of AT&T's operating revenue came from wireless services, *i.e.*, AT&T Mobility LLC, but this number does not show where the breach occurred and to what degree AT&T Mobility LLC customers were impacted. ECF No. 94 at 4 (emphasis omitted). It is merely an objective fact related to AT&T's revenue projections.

In addition, both AT&T's Supplemental Response and Plaintiff Petroski's Reply depend on the Declaration of Paula Phillips, Legal Director – Administration, AT&T Services, Inc. ("Phillips Decl." or "Phillips Declaration") (ECF No. 93-1). As noted in the recent Unruh/Isbell Supplemental Response filing (ECF No. 128; ECF No. 128-1), AT&T has been less than transparent in response to inquiries about the breach and pending motion, opting instead to file its selective declaration and arguments. For example, the Phillips Declaration states in conclusory fashion that "AT&T currently estimates" only "5% of potentially impacted customer accounts are wireless," but such a figure does not provide a factual basis for an assumption that AT&T Mobility LLC would not be a possible locus for decision-making, key documents, or potential evidence—a fact even Ms. Phillips concedes by stating "AT&T's investigation is ongoing." Phillips Decl. at 2. Nor does Ms. Phillips discuss the remaining 95% of impacted accounts. Likewise, Ms. Phillips focuses on a statement about AT&T's "response" to the data breach from Dallas, without

addressing AT&T's cybersecurity practices before the breach, the data impacted, and any vendor/third parties involved. Given the presence of AT&T's Chief Technology Officer and Chief Data Officer, who AT&T admits are in Atlanta, there can be no serious dispute that key witnesses and discovery will be located in Georgia.

      **B.**      **The Northern District of Georgia is a Convenient and Accessible Forum**

Whether the transferee district is easily accessible to parties and witnesses overwhelmingly favors the Northern District of Georgia. The Northern District of Georgia hosts the world's busiest airport (Hartsfield-Jackson Atlanta International Airport), and importantly, Atlanta is within a two-hour flight of eighty percent of the United States population. This factor thus favors the Northern District of Georgia.

Another crucial factor is whether the transferee court has the capacity to devote sufficient resources to complex consolidated proceedings. The Northern District of Georgia has experienced jurists who regularly oversee complex litigation, including MDLs. *See, e.g., In re Paragard IUD Products Liability Litigation*, 510 F. Supp. 1376 (J.P.M.L. 2020). Thus, the Northern District of Georgia is best suited to oversee these proceedings.

**III.**    **Conclusion**

For the foregoing reasons, as well as the reasons stated by incorporation in Plaintiffs Unruh and Isbell's Interested Party Response (ECF No. 71) and Supplemental Response filings (ECF No. 128; ECF No. 128-1), Plaintiffs Mildred and James Kinchen oppose consolidation of the Related Actions to the Northern District of Texas and submit that the MDL should be centralized and consolidated in the Northern District of Georgia.

Dated: May 21, 2024         **BERMAN TABACCO**

By:   */s/ Patrick T. Egan*
      Patrick T. Egan

One Liberty Square
Boston, MA 02109
Telephone: (617) 542-8300
Facsimile: (617) 542-1194
Email: pegan@bermantabacco.com

Kristin J. Moody
Pierce H. Stanley
**BERMAN TABACCO**
425 California Street, Suite 2300
San Francisco, CA 94104
Telephone: (415) 433-3200
Facsimile: (415) 433-6382
Email: kmoody@bermantabacco.com
      pstanley@bermantabacco.com

Counsel for Plaintiffs Mildred Kinchen and James Kinchen in *Kinchen, et al. v. AT&T Mobility LLC, et al.*, Case No. 3:24-cv-02451-AMO (N.D. Cal.)

5